The FIRST BANK OF WHITING, as
Trustee, Appellant,

v.

SISTERS OF MERCY HEALTH
CORPORATION, Appellee.

No. 45A04–8805–CV–152.

Court of Appeals of Indiana,
Fourth District.

Nov. 9, 1989.

John M. O'Drobinak, P.C. by David M. Austgen, Crown Point, for appellant.

Joseph O'Conner, O'Conner & Weigle, Hammond, for appellee.

MILLER, Judge.

This appeal involves the attempt of plaintiff-appellee Sisters of Mercy Health Corporation (Hospital) to collect, by proceedings supplemental, a $33,948.03 Lake Superior Court judgment against Clarice A. Christenson (Clarice). Clarice is the beneficiary of a spendthrift trust and defendant-appellant, the First Bank of Whiting is the trustee (Trustee).[1] After obtaining the judgment against Clarice, the Hospital filed proceedings supplemental against Clarice and the Trustee as a garnishee-defendant, attempting to reach assets of the trust to satisfy its judgment. Meanwhile, Clarice filed a voluntary petition in bankruptcy seeking relief from her creditors. At the time Clarice filed her bankruptcy petition, the Hospital's judgment remained unsatisfied. Although Clarice listed the Hospital as an unsecured creditor in her petition, the Hospital chose not to participate in the bankruptcy proceedings. Instead, the Hospital continued its proceedings supplemental action against the Trustee. After Clarice's debt to the Hospital had been discharged in bankruptcy, the trial court entered judgment against the Trustee requir-

ing the Trustee to pay the Hospital $10,920.00 from income of the trust. The Trustee appeals this judgment raising two issues for review. However, one issue is dispositive because we find the trial court committed reversible error when it entered judgment against the Trustee, as a garnishee defendant in proceedings supplemental, after Clarice's debt to the Hospital had been discharged in bankruptcy.

## FACTS

*a.) State Proceedings Before Bankruptcy*

■ After obtaining a judgment against Clarice on August 7, 1985, for medical expenses, the Hospital filed proceedings supplemental against Clarice and the Trustee, as a garnishee-defendant. After a hearing on July 14, 1986, the trial court found the Trustee paid Clarice monthly disbursements from the trust in the sum of $780.00 and ordered the Trustee "to pay all disbursements of principal and income from the aforesaid trusts to which defendant is entitled and becomes entitled" to the clerk of the Lake Superior Court to satisfy the Hospital's judgment.[2] After entry of this order, the Trustee, in its discretion under the terms of the trust, terminated the monthly income payments to Clarice and did not pay any money to the clerk of the trial court. On April 9, 1987, the Hospital filed a petition "To Invade Trust Assets and Income for Payment of Judgment" against Clarice and the Trustee, as garnishee-defendant. In this motion the Hospital alleged the Trustee's actions—in terminating the monthly payments to Clarice and refusing to make payments to the court—constituted bad faith and an abuse of discretion. The Hospital requested that the court order the Trustee to satisfy the Hospital's judgment from the assets of the

1. Clarice is the surviving spouse of Warner P. Christenson and she is a beneficiary of the Warner P. Christenson trusts, 3004A and 3004B. These trusts, created on May 29, 1970, named the First Bank of Whiting, as trustee. The trusts provide that the trustee administer the trusts for the benefit of Clarice and other beneficiaries, all of whom are blood relatives of the grantor's two marriages. The trusts contain two specific

spendthrift provisions preventing creditors from attaching a beneficiary's interest in the trusts.

2. The trial court further ordered that "any remaining issues between plaintiff and garnishee-defendant are deferred for a hearing at a date to be set by the court upon motion by either party." (R. 276–277).

trust.[3]

#### b.) *State Proceedings During Bankruptcy*

On June 8, 1987, Clarice filed a voluntary petition in the United States Bankruptcy Court in the Southern District of Florida, seeking relief from her creditors. Although Clarice listed the Hospital as an unsecured creditor, the Hospital chose not to participate in the bankruptcy proceedings and continued its proceeding supplemental action against the Trustee. In response, the Trustee filed a Motion to Dismiss the Hospital's petition "To Invade Trust Assets" on July 22, 1987. This motion was premised upon (1) the spendthrift provisions of the trust, (2) the Trustee's discretionary power under the trust to withhold income, and (3) the automatic stay provisions of the United States Code (11 U.S.C. § 362). After a hearing on July 24, 1987, the Trustee's Motion to Dismiss was taken under advisement.[4] On September 11, 1987, the Bankruptcy trustee for the bankruptcy court, filed a "Motion to Lift Automatic Stay and Authorize Employment of Special Counsel" in the bankruptcy court requesting that the automatic stay be lifted to allow this proceeding to continue in the state court of Indiana. After a hearing, the bankruptcy court denied this motion on October 8, 1987 finding "this matter should be heard in Bankruptcy Court". The bankruptcy court noted the denial of this motion "is without prejudice to either party filing appropriate pleadings to have this matter determined in Bankruptcy Court". (R. 907). However, rather than pursue its remedies in the bankruptcy forum, the Hospital continued its action in Indiana and on October 20, 1987, filed a Motion for Summary Judgment. Clarice and the Trustee filed separate memorandums in op-position to this motion, noting the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362(a)) preclude the summary judgment motion and any other action in these proceedings to collect the Hospital's judgment against Clarice.

#### c.) *State Proceedings After Discharge*

On November 12, 1987, the Bankruptcy Court entered an "Order of Discharge" releasing Clarice from all dischargeable debts, including the debt to the Hospital. After her discharge, Clarice filed a motion in the bankruptcy court for sanctions and injunctive relief claiming the Hospital's continued collection activities in Indiana violated federal bankruptcy law. After a hearing, the bankruptcy court denied Clarice's motion noting this denial was based upon the representations of the Hospital's counsel that "the pending action in Indiana State Court is against First Bank of Whiting, not the debtor, and does not seek a judgment, recovery or garnishment against the debtor, debtor's assets, assets of the bankruptcy estate or any trust which debtor is a beneficiary of." (R. at 911). The trial court was advised of the bankruptcy court's ruling. On November 23, 1987, a summary judgment hearing was held in the Lake Superior Court. At this hearing, the trial court denied the Trustee's "Motion to Dismiss" previously taken under advisement. On January 6, 1988, the trial court, having taken the summary judgment motion under advisement, granted summary judgment for the Hospital and against the Trustee as follows:

#### ORDER OF JANUARY 6, 1988

This cause was filed by the Sisters of Mercy Hospital (hereinafter referred to

---

**3.** We note that generally, a judgment creditor seeking satisfaction of a judgment may not pursue the same property in repeated proceedings under the doctrine of *res judicata. Beavans v. Groff* (1937), 211 Ind. 85, 5 N.E.2d 514; *Tipton v. Flack* (1971), 149 Ind.App. 129, 271 N.E.2d 185. However, it appears that when the Hospital filed its "Petition to Invade" it was not instituting a second action against Clarice and the Trustee, but rather, requesting that the court construe and enforce the July 14, 1986 garnishment order.

**4.** It is significant to note that on July 23, 1987, the Hospital filed a separate complaint and summons against the Trustee in the Lake Superior Court, Cause No. 587–638. This new lawsuit requested a judgment against the Trustee only and apparently, sought to enforce a cause of action created by our trust law, IND.CODE § 30–4–3–10(b)(1), which imposes personal liability on a trustee for injuries suffered by third parties in the course of the administration of the trust.

as 'Hospital'), against Clarice A. Christenson, defendant, (hereinafter referred to as 'Clarice') for services rendered. Judgment was taken against Clarice on August 8, 1985, in the amount of $33,948.03 for medical services rendered plus interest and attorney fees. Thereafter, the Hospital began proceedings supplemental and joined the Bank of Whiting (hereinafter referred to as 'Trustee'), as Trustee, and served the Trustee with a request to answer Interrogatories on April 10, 1986. The Trustee answered said Interrogatories on May 8, 1986, indicating that they were the trustees of Spendthrift Trust Nos. 3004–A and 3004–B, of which Clarice was the beneficiary. It is significant to note that the Trustee became aware of this judgment for medical expenses incurred by Clarice upon receiving notice of the judgment on or about August 15, 1985.

The two trusts administered by the Trustee were established by Clarice's husband, who died in 1970, leaving Clarice as the primary beneficiary and naming other residuary beneficiaries. The Trust Article III, Section 2B provides that the Trustee is to pay the sums 'required for her health, maintenance and support.' From time to time in the administration of the trusts, the Trustee has paid medical expenses incurred by Clarice up to and through 1980, upon either the request of the health provider or at the direction and authorization of Clarice. The Trustee, in addition to paying medical expenses in 1980 and prior thereto, was disbursing to Clarice the sum of $780.00 a month until April, 1986, upon being served with notice of proceedings supplemental; and Clarice has received nothing from the trusts since that time.

On June 7, 1987, Clarice, now living in Florida, filed a Chapter 7 Bankruptcy action in the State of Florida under Cause No. 887–52552–BKC–TCB. Clarice was discharged in bankruptcy on November 12, 1987, and the Hospital's debt listed in Clarice's bankruptcy petition at $41,000.00 was discharged. The Bankruptcy Court, on December 7, 1987, entered an order denying Clarice's motion for sanctions and to enjoin stay violation to permit this Court to determine whether the bankruptcy discharge is being circumvented.

On April 9, 1987, the Hospital filed in this Court a petition styled 'To Invade Trust Assets and Income for Payment of Judgment,' alleging that the Trustee had violated its fiduciary responsibility by failing to comply with the terms of the two trusts and paying the medical expenses of Clarice due to the Hospital and, in fact, determined to refuse to pay said medical expenses.

This petition was superseded when, thereafter, on July 23, 1987, the plaintiff Hospital filed a separate cause of action against the Bank of Whiting as defendant seeking to invade trust assets and income rather than proceeding against the Trustee as a garnishee defendant in this cause. This cause number, 587–638, has been removed out of this county, still remains pending, and this Court will not determine in this ruling what liability and what responsibilities if any of the Trustee regarding the payment of Clarice's medical bills when it first came to the Trustee's attention.

The Court here finds that the Trustee became aware of the judgment against Clarice and in favor of the Hospital in August of 1985, yet continued to pay Clarice the amount of $780.00 each month from the income of the trust and did not stop paying said sum until April of 1986, upon being served with the proceedings supplemental.

The Court further determines that the judgment entered against Clarice and on behalf of the Hospital constituted a lien on the assets and income of the trusts when the proceedings supplemental were served on the Trustee on April 10, 1986, and that said lien was not discharged in bankruptcy and remains a valid lien on the income and assets of the trust due to Clarice.

The Court finds that the payments to be made by the Trustee toward Clarice's hospital bills were within the scope of the

trusts and for Clarice's 'health, maintenance, and support' and should have been paid to the Hospital by the Trustee.

The court further finds that the Trustee shall pay the sum of $780.00 a month, from April 10, 1986, to June 7, 1987, to the Hospital as partial satisfaction of the debt herein and leaves to the Court in Cause No. 587–638 to determine any further liability of the Trustee, if any.

The plaintiff Hospital's motion for summary judgment is granted as to the income of the trusts retained by the Trustee from April 10, 1986, to June 7, 1987, and judgment is now entered against said Trustee and for the plaintiff Hospital in the sum of $10,920.00.

Both the Trustee and the Hospital filed motions to correct errors and supporting memorandum. After a hearing on April 4, 1988, the trial court modified its judgment and ordered the Trustee to pay the full amount of the Hospital's judgment ($33,-948.03) from the income of the trust. On May 2, 1988, the Trustee filed a motion in the bankruptcy court seeking an order interpreting the bankruptcy court's order of December 7, 1987—which had denied Clarice's motion for sanctions. On May 18, 1988, the bankruptcy court entered an order interpreting its previous order of December 7, 1987. In its May 18th order, the bankruptcy court ordered that:

1. As of December 7, 1987, the Hospital was stayed and estopped to proceed further with any action seeking relief in the form of a judgment, recovery or garnishment against the Debtor, Debtor's assets, assets of the bankruptcy estate or any trust which Debtor is a beneficiary of;

2. Subsequent to December 7, 1987, any judgment, order, or similar decree that purports to effect any of the results described in the foregoing subparagraph (including without limitation the 1/6/88 Order and the 4/8/88 Order) would contravene the 12/7/87 Order and to the extent that it purports to effect any of said results would be unenforceable; and

3. The Hospital and the Bank agree that actions against the Bank in its individual capacity and against the Bank's assets do not contravene the 12/7/87 Order. (R. 1099–1100).

The Trustee filed a Motion for Relief from Judgment on June 3, 1988 based upon the bankruptcy court's May 18, 1988 order. On June 7, 1988, the Hospital filed a second motion to correct errors. A hearing was held on both motions on July 5, 1988, and on August 2, 1988, the trial court entered the following order:

This cause was submitted to the Court on July 5, 1988, on Garnishee Defendant First Bank of Whiting's Motion for Relief From Judgment, filed June 3, 1988, and Plaintiff's Motion to Correct Errors, filed on June 7, 1988.

Additional evidence was presented consisting of an order of the United States Bankruptcy Court, Southern District of Florida, in Cause No. 87–02002–BKC–TCB, entered on May 18, 1988, in The Matter of Bankruptcy of Clarice Christenson. Arguments were heard by the Court, and the parties were ordered to submit proposed orders. Both parties filed proposed orders, which were received by the Court on July 20, 1988. The Court, having considered, now rules as follows:

The Garnishee Defendant First Bank of Whiting's Motion to Set Aside the Court's Order of April 8, 1988, is granted, and its Motion to Set Aside Order of January 6, 1988, is denied. Plaintiff's Motion to Correct Errors addressed to the April 8, 1988 Order is overruled.

The Court further finds that the Order of January 6, 1988, should remain in full force and effect with all of its findings intact. The Court finds that the income withheld by the Garnishee Defendant First Bank of Whiting from Clarice in the period April 10, 1986, to June 7, 1987, in the amount of $780.00 a month should be paid to the Plaintiff pursuant to the findings and order made on January 6, 1988.

Dated this 2nd day of August, 1988.

The Trustee appeals the August 2, 1988 Order reinstating the Order of January 6, 1988.

## DECISION

In its January 6, 1988 order, entered after Clarice's discharge in bankruptcy, the trial court found (1) the Hospital acquired a lien on "the income and assets of the trust due to Clarice" from the time the Trustee received service of process in proceedings supplemental, (2) this lien was not discharged in bankruptcy and (3) ordered the Trustee to pay the Hospital $10,920.00 from the income of the trust. Apparently, the trial court—in construing the July 14, 1986 garnishment order—determined that the Trustee was obligated, under the terms of the trust, to pay Clarice $780.00 a month from the income of the trust and therefore, was required to pay this amount to the Hospital from April, 1986 (the time the Trustee received service of process in proceedings supplemental) until June, 1987 (the time Clarice filed bankruptcy).

On appeal, the Trustee claims the trial court's order is null and void because (1) acts taken in violation of the automatic stay are void and (2) the discharge granted Clarice in bankruptcy voids the Hospital's judgment and prohibits the Hospital from continuing any action to collect this debt from either Clarice or the Trustee, as a garnishee-defendant in proceedings supplemental.

■ We agree. We observe that the filing of a petition in bankruptcy operates as an automatic stay of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title". 11 U.S.C. § 362(a)(2). We note, the automatic stay is broad in scope, *In re Haffner* (1982 Bkrtcy.N.D.Ind.) 25 B.R. 882, and acts taken in violation of the automatic stay are void and of no effect. *Renges, Inc. v. PAC Financial Corp.* (1987), Ind.App., 515 N.E.2d 563, 566; *In re Albany Partners, Ltd.* (1984 11th Cir.) 749 F.2d 670; *In re Holland* (1982 Bkrtcy.N.D. Ind.) 21 B.R. 681. However, critical here, is the fact that a discharge granted a debtor under Title 11 "voids any judgment at any time obtained to the extent that such judgment is a determination of the personal liability of the debtor ..." 11 U.S.C. § 524(a)(1).[5] The discharge also operates to enjoin creditors, holding discharged debts, "from (1) commencing an action on such debt, (2) continuing an action already instituted and (3) employing process to collect such debt, e.g., through the use of garnishment or attachment writs". 3 *Collier on Bankruptcy* ¶ 524.01 (15th Ed. 1987); *See also, In re Santos* (1982 Bkrtcy. D.R.I.) 24 B.R. 688, n. 5.

In the case before us, the Hospital obtained a judgment against Clarice on August 7, 1985. In an effort to collect this judgment, the Hospital filed proceedings supplemental against Clarice and the Trustee as a garnishee-defendant seeking to reach property allegedly belonging to Clarice in the hands of the Trustee. Despite the Hospital's efforts, the judgment remained unsatisfied. On June 8, 1987, Clarice filed a voluntary bankruptcy petition. By law, the automatic stay took effect that day and all legal actions pending against Clarice were halted. *Renges, supra.*

It is significant to note that the bankruptcy trustee filed a motion to lift the automatic stay to allow the Hospital's proceeding in Indiana to continue. However, after a hearing, the bankruptcy court denied this motion finding "this matter should be heard in the bankruptcy court." As the bankruptcy court refused to lift the stay, all actions taken by the Hospital during the stay, which began June 8, 1987, to enforce its judgment against Clarice and the Trustee, as a garnishee-defendant in proceedings supplemental, violate the stay and are void. *Id.; See also, Utah Farm Prod. Credit Ass'n v. Labrum* (1988), Utah, 762 P.2d 1070 (filing of bankruptcy petition stayed garnishment action).

■ However, again, we note that critical to our decision is that Clarice's debt to the Hospital was discharged on November 12, 1987. Since the debt has been discharged, the Hospital's judgment against

---

5. We note, in accordance with Section 524(e), the discharge of a debtor's liability on a claim does not discharge the liability of a co-debtor or guarantor. 11 U.S.C. § 524(e), *See also, Underhill v. Royal* (1985 9th Cir.) 769 F.2d 1426.

Clarice is void. 11 U.S.C. § 524(a). Consequently, the Hospital can not maintain garnishment proceedings against the Trustee based upon this debt. Where a judgment has been discharged in bankruptcy, garnishment proceedings based thereon can not be maintained. *In re Caldwell* (1940 N.D.Ga.), 33 F.Supp. 631, 635, *judgment affirmed* (5th Cir.1940), 115 F.2d 189, *cert. denied* (1941) 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523. *See also, Matter of Warren* (1980 Bkrtcy.N.D.Ala.), 7 B.R. 201, 204 (a discharge will void the underlying judgment and bar prosecution of the garnishment as a means for collecting the discharged debt from the property of the discharged debtor). Thus, it is clear the Hospital can not continue its action against the Trustee as a garnishee-defendant as a means for collecting the discharged debt. By continuing the garnishment proceedings against the Trustee, the Hospital is, in effect, continuing the case against Clarice. "Garnishment proceedings are a means whereby a judgment creditor seeks to reach property or credits of the judgment debtor in the hands of third persons and have them applied in satisfaction of the judgment." *Lakeshore Bank & Trust v. United Farm Bureau* (1985), Ind.App., 474 N.E.2d 1024, 1026.

■ We also note that with respect to our Rules of Procedure, Trial Rule 69(E)— which governs proceedings supplemental— our court has stated "[o]bviously the rule anticipates that prior to the granting of a final order in the proceedings supplemental a valid judgment must be entered against the defendant." *North v. Newlin* (1982), Ind.App., 435 N.E.2d 314, 317–318, quoting *DeLater v. Hudak* (1980), Ind.App., 399 N.E.2d 832. Here, the Hospital's judgment against Clarice was void at the time the trial court entered its January 6, 1988 order. "If the judgment on which the proceedings are based is void, the proceedings

are themselves void." 33 C.J.S. *Executions* § 360 (1942). Thus, the Hospital's continued action against the Trustee as a garnishee-defendant in proceedings supplemental is void.

■ In its brief, the Hospital claims that Clarice's filing of bankruptcy, and her subsequent discharge, does not effect the Hospital's cause of action against the Trustee. The Hospital notes that after Clarice filed her bankruptcy petition, it no longer sought to recover the underlying debt from either Clarice or from trust assets, but rather, sought recovery against the Trustee only, based on a violation of IND. CODE § 30–4–3–10(b)(1).[6] The Hospital claims the trial court's January 6, 1988 order imposes liability only against the Trustee, based on this separate cause of action. Therefore, the Hospital claims the order is proper.

We disagree. In its January 6th order the trial court stated:

On April 9, 1987, the Hospital filed in this Court a petition styled "To Invade Trust Assets and Income for Payment of Judgment," alleging that the Trustee had violated its fiduciary responsibility by failing to comply with the terms of the two trusts and paying the medical expenses of Clarice due to the Hospital and, in fact, determined to refuse to pay said medical expenses.

This petition was superseded when, thereafter, on July 23, 1987, the plaintiff Hospital filed a separate cause of action against the Bank of Whiting as defendant seeking to invade trust assets and income rather than proceeding against the Trustee as a garnishee defendant in this cause. This cause number, 587–638, has been removed out of this county, still remains pending, and this Court will not determine in this ruling what liability and what responsibilities if any of the Trustee regarding the payment of Clarice's

**6.** I.C. § 30–4–3–10(b)(1) provides:
(b) When a third person is entitled to compensation for injury suffered in the course of the administration of the trust:
(1) If the injury is the result of the trustee's personal act or omission as trustee, the trust-

ee will be personally liable and the injured party will be entitled to satisfaction of his claim from the trustee's individual property first and then, to the extent the claim is yet unsatisfied, from the trust estate.

medical bills when it first came to the Trustee's attention.

From this language it is clear the trial court was not determining any individual liability of the Trustee based on the Hospital's separate cause of action. Rather, the trial court was determining the Trustee's liability as a garnishee-defendant in proceedings supplemental. The trial court specifically found (1) Hospital acquired a lien on the income and assets of the trust due to Clarice from the time the Trustee received service of process in proceedings supplemental, (2) this lien was not discharged in bankruptcy, and (3) ordered the Trustee to pay the Hospital $10,920.00 from the income of the trust.

We observe that in proceedings supplemental the judgment creditor must show affirmatively that the property sought to be reached is subject to execution. *Hopple v. Star City Elevator* (1967), 140 Ind.App. 561, 224 N.E.2d 321; 13 I.L.E. *Execution* § 159 (1959). If any person is named as a garnishee, the judgment creditor must show that the garnishee has property, or an obligation owing to the judgment debtor, which is subject to execution. T.R. 69(E). Obviously, not in issue, is whether the judgment creditor has a personal action against the garnishee-defendant—which the Hospital claims is its "cause of action" here. If the Hospital has a cause of action against the Trustee under I.C. § 30-4-3-10(b)(1), it has selected the wrong forum (proceedings supplemental) in which to press this claim.

Finally, we note the bankruptcy court by its order of May 18, 1988 expressly found the trial court's January 6th order unenforceable. Accordingly, we hold the trial court's August 2, 1988 order, reinstating the January 6, 1988 order, void and unenforceable.

Reversed.

STATON and CONOVER, JJ., concur.