Jeffrey REICH, Appellant
(Petitioner Below),

v.

Beth A. REICH, Appellee
(Respondent Below).

No. 41A04–9204–CV–137.

Court of Appeals of Indiana,
Fourth District.

Jan. 12, 1993.

Richard A. Rocap, Rocap Witchger & Threlkeld, Indianapolis, for appellant.

MILLER, Judge.

The primary issue in this case is whether a state court has concurrent jurisdiction with the Bankruptcy Court to grant relief from 11 U.S.C. § 362, the automatic stay provision of the Bankruptcy Code. We find it does not.

Jeffrey and Beth Reich were married on May 31, 1980. Two children were born to the marriage. In 1990, Jeffrey filed a petition for dissolution of marriage. Jeffrey was ordered to pay $242 per week as primary child support as per the Guidelines. A dispute continued over the terms of the settlement agreement. In order to equalize the property settlement, the trial court granted Beth a $27,000 judgment, to be paid in seventy-two monthly payments of $302.19 and assigned payment of two bank loans to Jeffrey (hereinafter "secondary support"). The court stated that "it is the intent of this Court that said judgment should be deemed to be in the nature of additional child support and should not be allowed to be discharged in bankruptcy." R. 50–51.

On January 6, 1991, Beth filed a series of petitions to enforce the orders of the court as to payments of secondary support due her under an order of the court dated December 18, 1991. One week later, Jeffrey filed a voluntary petition for Chapter 7

Bankruptcy[1] and, because of the automatic stay provisions of the Bankruptcy Code, ceased making the secondary support payments. He also did not make an arrearage payment as ordered. Jeffrey apparently continued to make his primary support payments.

Because of the Chapter 7 filing, the trial court delayed a hearing on these petitions until March 6, 1992. On April 6, 1992, the trial court found Jeffrey in contempt for failing to make the secondary support payments and to pay the arrearage as ordered by the court. The court also awarded attorney fees to Beth.

Jeffrey claims that the state trial court did not have jurisdiction to find him in contempt because these payments were stayed by the automatic stay, 11 U.S.C. § 362. Therefore, the court improperly used its contempt power and also improperly transferred property of the bankruptcy estate to Beth. He also claims that the court abused its discretion in awarding attorney fees to Beth.

We find the trial court did not have jurisdiction to determine whether 11 U.S.C. § 362 (the automatic stay) applied to these payments and grant relief from the stay. The Bankruptcy court has sole jurisdiction to grant relief from the automatic stay and relief for what clearly are support, alimony, and maintenance payments is quickly granted. *See* 11 U.S.C. §§ 362(b), (d), (e), and (f) as discussed *infra*. We reverse in part and affirm in part.

## FACTS

The issues in this case revolve around the terms of the final dissolution decree as amended. The parties continued to argue about the secondary support payments. In October, 1991, Beth filed a Petition to Show Cause. After two hearings, the trial court filed its Entry on Contempt Hearing and Nunc Pro Tunc Order on December 18, 1991. The court found that because of possible ambiguities in the amended decree, Jeffrey was not in contempt. For clarification purposes, the court redrafted paragraph 36 of the amended decree to conform to the agreement of the parties:

The amount of the Wife's judgment against the husband in paragraph 31 is increased to be the total sum of $27,000. The Husband shall pay the second mortgage on the marital residence to Merchant's National Bank and shall pay the indebtedness on the Wife's 1987 Chevrolet Celebrity to Bank One and shall be given credit against said judgment for said payments. The Husband shall have the option of either totally paying off Merchants National Bank on the second mortgage and paying off Bank One on the 1987 Chevrolet Celebrity at any time. In the event he does not elect, or is unable to pay off said indebtedness, the Husband shall make monthly payments to Merchants National Bank and to Bank One by either paying these indebtednesses directly to the lending institution or paying the Wife a monthly amount on the first day of each month to cover the monthly debt service on these debts. The balance due Bank One on June 28, 1991, is in the sum of $2,668.83 and the balance due Merchants National Bank on June 28, 1991, is in the sum of $7,229.03, making a total of the two in the sum of $9,895.86. The Husband is entitled to a credit against the $27,000 judgment in the sum of $9,895.86 as well as a credit against said judgment in the amount of $760.82 which represents payments made by the Husband to the Wife on May 1, 1991, and June 1, 1991.

The balance of the judgment to be paid by Husband to the Wife (after the credits aforesaid) is the sum of $16,443.32, which shall bear interest at the rate of 10% per annum and should be paid by the Husband to the Wife in equal monthly installments over 72 consecutive months on the first day of each month commencing with July 1, 1991. Said monthly payments are in the amount of $302.19. The total judgment in the sum of $27,000 shall be a lien on the Husband's interest in Teleview, Inc., until said judgment is paid in full. Further, it is the intent of this Court *that said judgment should be deemed to be in the nature of additional child support and should not be al-*

---

**1.** Chapter 7 is the liquidation portion of the Bankruptcy Code.

*lowed to be discharged in bankruptcy by the Husband.*

R. 48–49 (emphasis added).

On January 6, 1992, Beth filed separate petitions with the court seeking a contempt citation against Jeffrey for failing to make the payments as ordered, to realign tax exemptions, and to enforce payment of a secondary support arrearage (the payments above). A week later, Jeffrey filed his bankruptcy petition.

On January 30, 1992, the court entered an order stating that "[d]ue to the automatic stay provisions of 11 U.S.C. 362, the Court will not schedule any hearings in this matter pending further petitions by either party." R. 66. On January 31, 1992, Beth filed a Petition to Show Cause and Petition for Temporary Restraining Order regarding a visitation issue. On February 5, the court set a hearing on all four petitions for February 28, 1992, which was continued to March 6, 1992. All four petitions requested attorney fees. The hearing was held and the court took all pending motions under advisement. On March 10th, the court found Jeffrey in contempt regarding the visitation question. On April 6, 1992, the court ruled on the remaining petitions finding that:

8. The Court further finds that Section 362 of the Bankruptcy Code reads as follows:

"The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay— ...

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;"

9. *The Court further finds that under the words of this section, the automatic stay does not apply to the collection of support from property of the debtor that is not property of the bankruptcy estate.*

10. The Court finds that under the terms of this section, the State Court can enter orders for the enforcement of support without relief from the automatic stay provided by the Bankruptcy Code and that such enforcement is limited to contempt proceedings or against the property of the debtor (the debtor's wages) as distinguished from the property of the bankrupt estate.

11. The Court further finds that the Petitioner is in contempt for failing to pay $601.79 to the Respondent as ordered on December 18, 1991.

\* \* \* \* \* \*

17. The Court further finds that pursuant to the terms of the Decree of Dissolution ... that the payment to the Wife in the sum of $302.19 per month and the payment to Merchants National Bank and Bank One have been deemed by the Court to be in the nature of additional child support and should not be allowed to be discharged in bankruptcy by the Petitioner.

18. The Court further finds that the Petitioner is in contempt for not paying these obligations to the Respondent.

\* \* \* \* \* \*

21. The Court further finds that ... the Petitioner should be ordered to pay Respondent's attorney's fees.

R. 117–119 (emphasis added). The court then reduced these findings to Orders. R. 119–121.

## DECISION

Jeffrey claims that the court: (1) did not have jurisdiction to determine applicability of the automatic stay provisions; (2) was without power to find him in contempt for not making the payments ordered; (3) erred in transferring the tax exemptions for the children from him to Beth; and (4) abused its discretion in awarding attorney fees to Beth.

▉ We first note that because Beth did not file an appellee's brief, Jeffrey need only make a *prima facie* showing of reversible error. *State v. Schuetter* (1987), Ind.App., 503 N.E.2d 418, 420. Prima facie error is error at first sight, on first appear-

ance, or on the face of it. *McBride v. Cox* (1991), Ind.App., 567 N.E.2d 130, 134, *reh'g denied, trans. denied.*

## I. JURISDICTION, CONTEMPT AND TAX EXEMPTIONS

Jeffrey argues that while a state court may have concurrent jurisdiction concerning the *dischargeability* of a debt under 11 U.S.C. § 523(a)(5), such concurrent jurisdiction does not exist with regard to the provisions and operation of 11 U.S.C. § 362—the automatic stay. *Matter of Brock* (1986), Bankr.S.D.Ohio, 58 B.R. 797, 799. It is the Bankruptcy Court alone that has the exclusive jurisdiction to determine questions involving the automatic stay. *Id.* Jeffrey notes that the question of dischargeability was not before the trial court, only the question whether these payments were stayed pending a determination by the bankruptcy court if the provisions of § 362(b)(2) [cited by the trial court] applied to these payments. Jeffrey is correct.

In *Matter of Brock, supra,* the bankruptcy judge explained:

> While a state domestic relations court in the exercise of concurrent jurisdiction may make a determination concerning the dischargeability of a debt under 11 U.S.C. § 523(a)(5) by the application of federal standards of alimony, maintenance or support, such concurrent jurisdiction does not exist with regard to the provisions of 11 U.S.C. § 362.
>
> The automatic stay issued by the bankruptcy court which becomes effective upon the filing of a bankruptcy petition is integral to the entire statutory scheme of Title 11 and represents a considered congressional determination that a debtor, creditors and other interested parties in a bankruptcy proceeding must be guaranteed an immediate period of time in which to propose a reorganization of the debtor's financial affairs or an immediate opportunity for a court appointed trustee to examine the assets and liabilities of a debtor free from any pressure brought by an individual creditor or individual party. It is the bankruptcy court alone that has the exclusive jurisdiction to determine questions involving the au-

tomatic stay. This position was recently approved by the Sixth Circuit Court of Appeals in *NLT Computer Services Corporation v. Capital Computer Systems, Inc.*, 755 F.2d 1253 (6th Cir.1985)....

> *Id.* at 799–800. The court further explained that "among the exceptions to the stay order in 11 U.S.C. § 362(b) is the provision that the filing of a debtor's petition does not operate as a stay or prevent 'the collection of alimony, maintenance, or support from property that is not property of the estate.'" *Id.* at 803. The court noted:

> Further and quite importantly, 11 U.S.C. §§ 362(d) and (e) provide that at the request of a party in interest and after notice and hearing, the court shall, if certain conditions are met, grant relief from the stay by terminating, annulling, modifying or conditioning such stay within thirty (30) days after a request for relief has been filed. Additionally, [§ 362(f)] provides that upon request of a party in interest, the court, even without a hearing being held, can grant relief from the stay under certain conditions.

> *While these provisions provide an opportunity for relief from the stay, and do so in an expedited and in some cases immediate fashion, they do not authorize a party to ignore the provisions of the automatic stay and to proceed, without a determination by the bankruptcy court, against the debtor, property of the estate, or any other property of the debtor until such property has been determined not to be property of the estate. These determinations belong exclusively to the bankruptcy court* and in the absence of an order of relief entered by the bankruptcy court a creditor and creditor's counsel proceed at their peril. As the bankruptcy court *In re Pody*, 42 B.R. 570 (Bankr.N.D.Ala. 1984) stated in a recent opinion:

>> As noted in *Matter of Batla*, 12 B.R. 397, 400 (Bankr.N.D.Ga.1981), if there is uncertainty about an order of the Court, or, as in this case, *the applicability of the automatic stay and the dischargeability of a particular debt, a creditor may petition the Court for clarification, and if the creditor does not, the creditor takes the calculated*

*risk of being held in contempt.* 12 B.R. at 400 citing *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 192 [69 S.Ct. 497, 500, 93 L.Ed. 599] (1949). *Id.* at 803–804 (emphasis added).

 From the above, it is clear that the trial court did not have the power to order the payments that had been stayed by Jeffrey's filing of a Chapter 7 bankruptcy petition absent an order of relief entered by the bankruptcy court. Therefore, Jeffrey could not be found in contempt for failing to make these payments. It is also clear from the above that the court did not have the power *at this time* to transfer the children's tax exemption from Jeffrey to Beth. If the exemptions were to generate a tax refund, that refund might be an asset of Jeffrey's bankruptcy estate. The bankruptcy court has the sole power to determine what property belongs to the bankruptcy estate. *Id.* at 803. Therefore, we reverse the Orders of the trial court finding Jeffrey in contempt, ordering him to make payments governed by the automatic stay, and switching the tax exemptions from Jeffrey to Beth.

We wish to emphasize, however, that we do not address the *dischargeability* of the debts which are the subject of this case. That question was not properly before the trial court. As stated in *Brock,* once the trial court has permission from the bankruptcy court to proceed, a state court has concurrent jurisdiction over this question. *See e.g., Howard v. Moore* (1991), Ind.App., 580 N.E.2d 999.

## II. ATTORNEY FEES

Jeffrey recognizes that the decision to award attorney fees authorized by statute is discretionary with the trial court and will only be reversed by an appellate court for an abuse of discretion. However, he argues that because the trial court did not have jurisdiction, the awarding of attorney fees is error. We note that Beth had four petitions before the court, three which involved the automatic stay, and one which involved visitation. The court clearly had jurisdiction over the visitation issue. We cannot say what portion of the attorney's fees are attributable to each of these petitions. Therefore, we affirm the award of attorney fees, but remand to the trial court to recalculate the award consistent with this opinion.

Reversed in part, affirmed in part, and remanded.

CONOVER, J., concurring.

CHEZEM, J., concurring in result.