**Charles Wallace ZOLLMAN, M.D., Appellant–Defendant,**

v.

**Melinda GREGORY and Randy Gregory, Appellees– Plaintiffs.**

No. 49A02–0002–CV–126.

Court of Appeals of Indiana.

Feb. 7, 2001.

Kevin Charles Murray, Julia Blackwell Gelinas, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellant.

William N. Riley, Young Riley Dudley & DeBrota, Indianapolis, IN, Attorney for Appellees.

## OPINION

SULLIVAN, Judge.

Appellant, Charles Wallace Zollman, M.D., appeals the trial court's denial of his motion to dismiss a medical malpractice complaint. Upon appeal, Zollman presents one issue, which we restate as whether the trial court erred in failing to dismiss a medical malpractice complaint that was filed with the Indiana Department of Insurance ("IDI") two days before the statute of limitations expired and prior to requesting relief from the automatic stay in the bankruptcy court.

We affirm.

On March 12, 1999, Zollman filed a voluntary petition for relief under Chapter 11 of Title XI of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana. On July 27, 1999, Melinda and Randy Gregory retained an attorney to represent them in a medical malpractice action against Zollman. The two-year limitations period on the Gregorys' action was to expire on August 4, 1999.[1] On August 2, 1999, the Gregorys' attorney filed a proposed complaint with the IDI, alleging medical negligence against Zollman.

On October 12, 1999, pursuant to Indiana Code 34–18–11–2 (Burns Code Ed. Repl.1998), Zollman filed a motion to dismiss the proposed complaint in the Marion Superior Court. Zollman asserted that the trial court lacked jurisdiction because the Gregorys had violated 11 U.S.C. § 362(a) by filing their proposed complaint with the IDI during the Title XI proceedings without obtaining prior relief from the bankruptcy court. On October 22, 1999, the Gregorys filed with the trial court a response to Zollman's motion to dismiss, noting that they had, on October 22, 1999, filed a motion for relief from the automatic stay in the bankruptcy court to allow their malpractice claim to proceed.

On November 17, 1999, the bankruptcy court issued an order that modified the automatic stay. The order authorized the Gregorys to proceed before the medical review panel, provided that they not levy execution upon any judgment ultimately obtained against Zollman or the bankruptcy estate's assets without first obtaining leave of the bankruptcy court. The bankruptcy court modified the automatic stay "without making any determination of the propriety and/or legal effect to the Plaintiffs' action in filing their medical review panel claims in violation of the automatic stay in this proceeding." Record at 25. On November 24, 1999, the Gregorys supplemented their October 22, 1999 response with a copy of the bankruptcy court's modification order. Five days later, the trial court held a hearing and issued an order denying Zollman's motion to dismiss. Zollman now appeals.

In determining whether the trial court has the power to adjudicate the present action, we accept as true the facts as set forth in the complaint. *MHC Surgical Center Assocs., Inc. v. State Office of Medicaid Policy and Planning* (1998) Ind. App., 699 N.E.2d 306, 308. Upon appeal from a motion to dismiss in such a case, we are in as good a position as the trial court to determine whether it has jurisdiction. *Id.*

The Bankruptcy Code's automatic stay provision states that a bankruptcy petition operates as a stay of:

> "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of

---

1. According to the Gregorys' complaint, Melinda Gregory had surgery performed by Zollman on December 4, 1995, saw him again for a procedure on May 21, 1997, and learned from another surgeon on August 4, 1997, that she might have a malpractice action against Zollman. No contention is made that the statute of limitations expired prior to August 4, 1999.

the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title...." 11 U.S.C. § 362(a)(1). The bankruptcy court has exclusive jurisdiction to interpret the application and scope of the automatic stay. *Reich v. Reich* (1993) Ind.App., 605 N.E.2d 1178, 1182. Furthermore, Section 362(d) of the Bankruptcy Code provides that the bankruptcy court has authority to grant relief from the automatic stay "by terminating, annulling, modifying, or conditioning such stay...." 11 U.S.C. § 362(d). The ability of the bankruptcy court "to modify its own injunction fits with the Code's policy of maintaining control over a bankruptcy discharge...." *Hammes v. Brumley* (1995) Ind., 659 N.E.2d 1021, 1027 (quoting *In the Matter of Shondel* (1991) 7th Cir., 950 F.2d 1301, 1309).[2]

▮▮▮ This court has held that, as a general rule, a complaint filed in violation of an automatic stay is null and void. *First Bank of Whiting v. Sisters of Mercy Health Corp.* (1989) Ind.App., 545 N.E.2d 1134, 1139.[3] While our Supreme Court agrees with this general rule, it created an exception in *Hammes/Hendrix, supra,* 659 N.E.2d at 1027. In *Hammes/Hendrix,* our Supreme Court stated that the trial court was "without jurisdiction to question" the bankruptcy court's "obvious determination that [the plaintiff] could pursue her state action...." *Id.* at 1028. In reaching its decision, our Supreme Court noted that "the bankruptcy court expressly modified the stay, allowing [the plaintiff] to pursue her complaint to the extent of the insurance proceeds"[4] and that the bankruptcy court "ordered that the stay be lifted all together nunc pro tunc, effective [the date the bankruptcy petition was filed]." *Id.* at 1027. Our Supreme Court concluded that the Court of Appeals was clearly without jurisdiction to bar the plaintiff's complaint "even in light of the expiration of the state statute of limitations ... at least to the extent of the insurance proceeds." *Id.* at 1028. Thus, the question presented in the

**2.** In *Hammes v. Brumley,* our Supreme Court considered five separate Court of Appeals decisions upon transfer. In doing so, the Court overturned the Court of Appeals decision in *Hendrix v. Page* (1993) Ind.App., 622 N.E.2d 564. Because the portion of *Hammes* which is relevant for our purposes is that which dealt specifically with the *Hendrix* case, we shall refer to the *Hammes* case as *Hammes/Hendrix.*

**3.** "The weight of Federal authority supports the conclusion that actions taken in violation of the automatic stay provisions of section 362 are void." *Cohen v. Salata* (1999) Ill. App., 303 Ill.App.3d 1060, 237 Ill.Dec. 413, 709 N.E.2d 668, 672. For cases concluding that such actions are void, *see In re Soares* (1997) 1st Cir., 107 F.3d 969; *In re 48th Street Steakhouse, Inc.* (1987) 2d Cir., 835 F.2d 427, *cert. denied; Raymark Indus. v. Lai* (1992) 3d Cir., 973 F.2d 1125; *In re Schwartz* (1992) 9th Cir., 954 F.2d 569; *In re Calder* (1990) 10th Cir., 907 F.2d 953; and *Borg Warner Acceptance Corps. v. Hall* (1982) 11th Cir., 685 F.2d 1306. Examples of the minority view, that actions taken in violation of the automatic stay provisions of section 362 are merely voidable, include *Sikes v. Global Marine, Inc.* (1989) 5th Cir., 881 F.2d 176, 178 and *Easley v. Pettibone Michigan Corps.* (1993) 6th Cir., 990 F.2d 905, 910. The Seventh Circuit has yet to decide the issue. *See In re Confidential Investigative Consultants, Inc.* (1995) Bankr.N.D. Ill., 178 B.R. 739, 750 n. 10. One commentator opined that the reason some courts label such actions "voidable" appears to be in order to justify the bankruptcy court's power to validate actions taken in violation of the stay by modifying the stay retroactively. *See* 3 COLLIER § 263.11[1], at 362–15 to 362–116.

In any event, the filing of a lawsuit beyond the expiration of the applicable statute of limitations does not render the filing void, as opined by the dissent. Indiana Trial Rule 8(C) provides that a statute of limitations violation is an affirmative defense which must be presented and established by defendant. As a general proposition, therefore, such defense is waived if not so presented. *Custer v. Plan Comm'n of City of Garrett* (1998) Ind.App., 699 N.E.2d 793, 795; *Barrow v. Weddle Brothers Constr.* (1974) 161 Ind.App. 601, 613, 316 N.E.2d 845, 853.

**4.** There is "sound public policy" for permitting an action against a "debtor in bankruptcy in some cases, at least to the extent of the insurance proceeds[.]" *Hammes/Hendrix, supra,* 659 N.E.2d at 1028.

present case is whether the bankruptcy court's November 17, 1999 modification order applied retroactively, such that the Gregorys' original claim was not void and could proceed.

Zollman argues that the modification order was prospective because there was "no clear intent" that the bankruptcy court intended to make the modification "retrospective." Appellant's Brief at 5. Zollman contends that because the modification was prospective, the Gregorys' original complaint was void and they should have re-filed their complaint after the date of the bankruptcy court's modification. In support of his argument, Zollman attempts to distinguish the present case from the facts and bankruptcy orders in *Hammes/Hendrix* and *Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc.* (1998) 2d Cir., 157 F.3d 169.

For purposes of comparison, we set out the facts first in *Hammes/Hendrix* and then in *Eastern:*

"Page was injured in an automobile accident with Hendrix in April, 1990. Hendrix filed for bankruptcy on June 5, 1990, but did not list Page as a creditor in his petition. Page filed a negligence claim against Hendrix in state court on June 21, 1990 (before the expiration of the applicable statute of limitations). Hendrix amended his petition to add Page as a creditor having a disputed claim in July. The bankruptcy court discharged Hendrix's debts in September, 1990.... Hendrix moved for summary judgment on the basis that Page had no standing to bring the claim. Subsequently (but after the expiration of the applicable statute of limitations), the bankruptcy court issued an order in March, 1994, reopening the bankruptcy and lifting the automatic stay *nunc pro tunc* from the date of the bankruptcy petition's filing 'so that the Pages may proceed with their action in state court, but only against the insurance proceeds of [Hendrix].' " *Hammes/Hendrix,* 659 N.E.2d at 1025.

Similarly, in *Eastern,* the plaintiff (Eastern) brought suit against Forty Eight in the United States District Court for the Southern District of New York ten months after Forty Eight had filed for bankruptcy protection. *Eastern, supra,* 157 F.3d at 170. Eastern then moved to have the bankruptcy court lift the automatic stay, and the bankruptcy court granted the motion so that "[t]he [l]itigation may proceed to determine the obligation of Forty Eight to compensate [Eastern] for its claim of contribution." *Id.* at 171. Even though the bankruptcy court's order did not recite that it would operate *nunc pro tunc,* the *Eastern* court believed there was "no doubt" that the intent of the bankruptcy court's order was to permit the "previously-filed, post-petition lawsuit" to proceed. *Id.* at 173. In reaching this determination, the *Eastern* court noted that the bankruptcy court's order defined "the [l]itigation" as the post-petition lawsuit and included specific information about the lawsuit which included the date of filing, the court in which the claim was filed, the nature of the claim and the amount in controversy. *Id.* at 172. Thus, the *Eastern* court concluded "that the bankruptcy court's order represented a modification nunc pro tunc of the automatic stay, retroactively lifting the stay" to allow Eastern to proceed with its action in the Southern District Court. *Id.* at 172.

In the present case, the Gregorys also filed their proposed complaint against Zollman after the automatic stay was in effect. Zollman then moved to dismiss the proposed complaint on the grounds that the complaint was filed in violation of the automatic stay. Subsequently, the Gregorys petitioned the bankruptcy court for relief from the automatic stay so that they could proceed with their complaint. On November 17, 1999, the bankruptcy court issued the following order modifying the automatic stay:

"This Matter is before the Court on the Consolidated Motion for Relief from Stay of Melinda Gregory and Randy

Gregory ("Plaintiffs") requesting that the automatic stay be modified in order that Plaintiffs can proceed with a cause of action involving Dr. Charles W. Zollman and the Zollman Surgery Center ("Zollman"). The parties appeared by counsel and reported to the Court that they are agreeable to a limited modification of the automatic stay. Zollman, without agreeing that Plaintiffs' violation of the automatic stay was proper or justified and without waiving any rights or defenses, agrees that the *Plaintiffs should be allowed to proceed with their medical malpractice claims, currently pending before medical review panels* on the condition that Plaintiffs shall not levy upon any judgment obtained in said cause without first obtaining leave of the Bankruptcy Court to do so. Because Wally Zollman, M.D., P.C. and the Zollman Surgery Center, Inc. have demonstrated to the Insurance Commissioner of Indiana that they have the required statutory insurance coverage, any potential settlement or judgment will come from insurance proceeds and any excess proceeds would come from the Patient's Compensation Fund maintained by the State of Indiana. Since no assets of the bankruptcy petitioner are in question or jeopardy, no further court approval need be sought.

The Court, having considered the Motion and agreement of the parties, now finds that the automatic stay should be modified without making any determination of the propriety and/or legal effect to the Plaintiffs' action in filing their medical review panel claims in violation of the automatic stay in this proceeding. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that *the automatic stay involved herein is modified in order to allow the following Plaintiffs to proceed before medical review panels on the condition that no Plaintiff shall levy execution upon any judgment ultimately obtained in said causes against Dr. Zollman or the Estates' assets without first obtaining leave of the Bankruptcy Court to do so.*" Record at 24–25 (emphases added).

We find no meaningful distinction between the bankruptcy court's order in the present case and the bankruptcy court orders in *Hammes/Hendrix* or *Eastern.* Here, the bankruptcy court's November 19, 1999 modification order specifically and expressly authorized the Gregorys to proceed with the original complaint they filed against Zollman. The bankruptcy court also specifically mentioned that the Gregorys' medical malpractice claim was "currently pending before medical review panels" when it ordered that the Gregorys be allowed to proceed.[5] Record at 25.

Thus, we believe it is sufficiently clear that even though the bankruptcy court's order did not specifically state that the modification would operate *nunc pro tunc*, the order did represent the bankruptcy court's intent to retroactively modify the automatic stay.[6] Clearly, the bankruptcy

---

5. We note that for the Gregorys to proceed, the modification must apply retroactively, such that the original filing was voidable rather than void. This is so, because if the original filing was void ab initio, then it could not be saved regardless of whether the statute of limitations expired, and the Gregorys would be required to re-file their complaint before they could proceed. However, the Gregorys could not re-file their complaint and proceed with their claim after the November 17, 1999 modification order because the statute of limitations for the malpractice action expired on August 4, 1999. Thus, for the bankruptcy court's order modifying the stay to have meaning, the modification must apply retroactively, and the original filing must be voidable, not void.

6. Zollman also finds significant the language of the bankruptcy court's order wherein it made no "determination of the propriety and/or legal effect to the [Gregorys'] action in filing their medical review panel claims in violation of the automatic stay in this proceeding." Record at 25. This language, Zollman contends, "falls far short of the clear expression of intent to apply the modification *nunc pro tunc*, as it was expressed by the Bankruptcy Courts in [*Hammes/Hendrix*] and

court has exclusive jurisdiction to interpret the application and scope of the automatic stay and to make a retroactive modification of the stay. In light of the bankruptcy court's retroactive modification of the automatic stay, the trial court had jurisdiction over this case. Accordingly, we find no error in denying Zollman's motion to dismiss.

The judgment is affirmed.

BAKER, J., concurs.

BROOK, J., dissents with opinion.

BROOK, Judge, dissenting.

When resolving questions of bankruptcy law, the federal courts cannot decide what effect the filing of a state court action in violation of a bankruptcy stay or injunction has on the running of a state statute of limitations. *See Pettibone Corp. v. Easley*, 935 F.2d 120, 121 (7th Cir.1991). That determination is a question of state law. *Id.* However, in order to resolve the effect under state law of a violation of the automatic stay, the state court must defer to the bankruptcy court's determination of whether an act violates the stay. *See Reich*, 605 N.E.2d at 1182.

I agree with the majority that our supreme court created an exception to the general rule that a plaintiff is prohibited from proceeding with a lawsuit if the plaintiff files a complaint in violation of an automatic stay. *See Hammes/Hendrix*, 659 N.E.2d at 1027.[7] Specifically, our supreme court stated that where the bankruptcy court later *"expressly modified* the stay, allowing [the plaintiff] to pursue her complaint to the extent of the insurance proceeds" and "ordered that the stay be lifted all together *nunc pro tunc,"* the trial court was "without jurisdiction to question" the bankruptcy court's "obvious de-

termination that [the plaintiff] could pursue her state action[.]" *Id.* at 1027, 1028 (emphasis added). Our supreme court further concluded that the court of appeals was clearly without jurisdiction to bar the plaintiff's complaint "even in light of the expiration of the state statute of limitations[.]" *Id.* at 1028.

However, I diverge from the majority when it finds no meaningful distinction between the *Hammes/Hendrix* bankruptcy order and the order in the present case. In *Hammes/Hendrix,* the bankruptcy court saved the Pages' action by explicitly making its order lifting the stay retroactive to June 5, 1990. The order created the fiction that the Pages filed their complaint before the bankruptcy petition was filed, hence before the automatic stay became effective. With no stay in effect, no stay violation (which could void the negligence action and require later re-filing) occurred.

In contrast, the bankruptcy court's order in the present case provided:

This Matter is before the Court on the Consolidated Motion for Relief from Stay of Melinda Gregory and Randy Gregory ("Plaintiffs") requesting that the automatic stay be modified in order that Plaintiffs can proceed with a cause of action involving Dr. Charles W. Zollman and the Zollman Surgery Center ("Zollman"). *The parties appeared by counsel and reported to the Court that they are agreeable to a limited modification of the automatic stay. Zollman, without agreeing that Plaintiffs' violation of the automatic stay was proper or justified and without waiving any rights or defenses, agrees that the Plaintiffs should be allowed to proceed with their medical malpractice claims, currently pending before medical review*

*Eastern."* Appellant's Brief at 5. However, we find that this language merely recites the bankruptcy court's deferral of state law questions to the appropriate courts here the Indiana courts. *See Pettibone Corp. v. Easley* (1991) 7th Cir., 935 F.2d 120, cited by the

dissent herein. *Hammes/Hendrix* constitutes just such a state court decision upon a state law question.

7. See also the federal authority cited in footnote 3 *supra.*

panels on the condition that Plaintiffs shall not levy upon any judgment obtained in said cause without first obtaining leave of the Bankruptcy Court to do so. Because Wally Zollman, M.D., P.C. and the Zollman Surgery Center, Inc. have demonstrated to the Insurance Commissioner of Indiana that they have the required statutory insurance coverage, any potential settlement or judgment will come from insurance proceeds and any excess proceeds would come from the Patient's Compensation Fund maintained by the State of Indiana. Since no assets of the bankruptcy petitioner are in question or jeopardy, no further court approval need be sought.

The Court, having considered the Motion and agreement of the parties, now finds that *the automatic stay should be modified without making any determination of the propriety and/or legal effect to the Plaintiffs' action in filing their medical review panel claims in violation of the automatic stay in this proceeding.* Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the automatic stay involved herein is modified in order to allow the Plaintiffs to proceed before medical review panels on the condition that no Plaintiff shall levy execution upon any judgment ultimately obtained in said causes against Dr. Zollman or the Estates' assets without first obtaining leave of the Bankruptcy Court to do so.

(Emphases added). That is, unlike the bankruptcy court in *Hammes/Hendrix,* the bankruptcy court in the present case did not make its order lifting the stay retroactive to the date Zollman filed for bankruptcy. Hence, the order lifting the stay did not create the fiction that the Gregorys filed their complaint before the bankruptcy petition was filed, and thus before the automatic stay became effective. To the contrary, the bankruptcy court specifically made no "determination of the propriety

and/or legal effect to the [Gregorys'] action in filing their medical review claims *in violation of the automatic stay* [.]" Thus, the *Hammes/Hendrix* exception does not apply here.

Absent the applicability of the *Hammes/Hendrix* exception, I would return to the general rule that a complaint filed in violation of an automatic stay is void. There is no dispute that at the time the Gregorys filed their original complaint with the IDI, a § 362(a) automatic stay was in effect. The trial court, therefore, did not have jurisdiction to entertain the action, and thus, it was a nullity and void. *See Raikes v. Langford,* 701 S.W.2d 142, 144 (Ky.App.1985). As a result of the jurisdictional defect that existed at the time the Gregorys commenced their action against Zollman, it was as if they had filed no complaint. If the limitations period had not expired prior to the order lifting the stay, then the Gregorys would have been free to re-file their action. However, under these facts, I would conclude that the two-year statute of limitations bars the Gregorys' malpractice action, making dismissal appropriate.

I would also note that the drafters of the bankruptcy code attempted to prevent just this type of situation by including a savings feature, which states:

> if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the [bankruptcy] petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay ... with respect to such claim.

11 U.S.C. § 108(c).[8]

If the Gregorys had filed with the bankruptcy court, prior to the August 4, 1999 expiration of the statute of limitations, a motion to lift the stay, and if the bankruptcy court had decided to lift the stay, then section 108 would have extended the period during which the Gregorys could have filed suit against Zollman. That is, the Gregorys would have been permitted to re-file their action within thirty days after notice of the lifting of the stay—even if that notice occurred after the expiration of the original limitations period. *Cf. Brown v. MRS Mfg. Co.*, 617 So.2d 758 (Fla.App. 1993) (concluding that wrongful death action brought against Chapter 11 debtor within thirty days of the termination of the automatic stay was timely even though more than two years had passed since the accident in question). However, because the Gregorys' filed their motion to lift the stay *after* the two-year statute of limitations had expired, they failed to invoke section 108's limitations extension provision. The Gregorys did re-file, but not until December 19, 1999, well after the August 4, 1999 expiration of the statute of limitations. I would conclude, therefore, that the trial court had no jurisdiction and that it should have granted Zollman's motion to dismiss. Accordingly, I respectfully dissent.

---

**8.** Some states allow plaintiffs additional time to maintain suits against the debtor after the bankruptcy case is closed. *See* 735 ILCS 5/13–216 (Illinois statute providing, "When the commencement of an action is stayed by injunction ... the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action"). Indiana, however, has no comparable statute.