190 So.2d 388 (1966)
Samuel Hallock DuPONT, Jr., Doing Business As DuPont Air Interests, Appellant,
v.
PARKER AND COMPANY OF FLORIDA, Inc., a Florida Corporation, Appellee.
No. 65-599.
District Court of Appeal of Florida. Third District.
September 27, 1966.
Rehearing Denied October 20, 1966.
*389 Carey, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for appellant.
Smathers & Thompson and Cromwell A. Anderson, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
The plaintiff, Samuel Hallock DuPont, Jr., doing business as DuPont Air Interests, appeals from a final judgment for the defendant, Parker and Company of Florida, Inc., an insurance agency.
DuPont's complaint contained three counts. Counts One and Three sounded in contract and sought damages for Parker's alleged breach of an oral contract to procure a specific type of hull insurance on an aircraft owned by DuPont, and for misrepresenting that such insurance had been obtained. Count Two sounded in tort and sought damages for a negligent failure to procure such insurance.
It appears that on March 27, 1958, DuPont, who had previously obtained a Hertz-Rent-A-Plane franchise, executed an agreement appointing Parker his exclusive insurance broker of record. Prior to this date, DuPont discussed with Parker the coverage needed for his protection while the aircraft was in the care and custody of the renter pilot, since he would not have control over the aircraft once it left his premises. Parker's agents advised DuPont that the necessary coverage was obtainable and on May 27, 1958 the policy and the first two endorsements were delivered, with an effective date of March 27, 1958.
At DuPont's request, Parker, on July 15, 1958, furnished him with a brochure which analyzed his insurance coverage in laymen's language, and set forth the terms of the coverage. When DuPont asked Parker's agents for an explanation of the "all risk" coverage as set forth in the brochure, he was informed that he had "all risk" hull insurance on his aircraft.
On August 16, 1958, an aircraft was rented from DuPont ostensibly for the purpose of flying to Alabama. The pilot was qualified and had previously checked *390 out on the aircraft. After leaving DuPont's premises at Miami International Airport, the aircraft was flown to Cuba for the purpose of aiding the Castro rebels, instead of being flown to Alabama. The aircraft crashed in Guantanamo Bay, Cuba, and was a total loss.
A claim was made to the Indemnity Insurance Company of North America, the company in which Parker had placed the insurance, and liability was subsequently denied in a letter dated January 19, 1959.
DuPont brought an action on the policy against the Indemnity Insurance Company of North America in the United States District Court, Southern District of Florida. The suit resulted in a jury verdict and judgment in favor of DuPont, but the judgment was reversed on July 19, 1961 by the United States Court of Appeals, Fifth Circuit, in an opinion which held that DuPont was not entitled to coverage for the loss under the terms of the policy. See Indemnity Insurance Co. of North America v. Du Pont, 5 Cir.1961, 292 F.2d 569.
The instant action followed on June 20, 1962 and on September 10, 1964, the trial court entered an order granting Parker's motion for summary judgment as to Counts One and Three. On June 1, 1965, the cause came on for trial on Count Two of the complaint. At the conclusion of DuPont's case, the trial court directed a verdict in favor of Parker. DuPont's timely motion for new trial was denied and this appeal followed.
DuPont has raised two points on appeal. The first point involves the alleged error of the trial judge in finding that he was guilty of contributory negligence as a matter of law and in directing a verdict for Parker as to Count Two of the complaint. This point presupposes that the court granted a directed verdict on a finding as a matter of law that the plaintiff was guilty of contributory negligence.
The record on appeal does not support that assertion, since the court did not assign a ground for its ruling. However, when Parker moved for a directed verdict, four grounds were asserted: failure of DuPont to establish any negligence on the part of Parker; lack of proximate cause; statute of limitations; and the contributory negligence of DuPont.
Although we cannot determine upon what grounds the court based its ruling, those grounds are immaterial if the ultimate conclusion is correct. State Plant Board v. Smith, Fla. 1959, 110 So.2d 401; Hamelmann v. State, Fla.App. 1959, 113 So.2d 394. Where the trial judge has heard the testimony, every presumption favors the correctness of his order and one complaining of error must make it clearly appear, since the reviewing court will not overturn that judgment unless the findings are clearly against the weight of the evidence. Chisman v. Moylan, Fla.App. 1958, 105 So.2d 186. After having reviewed all the evidence and all reasonable inferences derived therefrom in a light most favorable to DuPont, we conclude, as did the able trial judge, that there was no issue of fact to be presented to the jury for determination.
Even if we assume, arguendo, that there was a prima facie case of negligence, we would then have to conclude, from the evidence, that DuPont was guilty of contributory negligence. Hormovitis v. Mutual Lumber Company, Fla.App. 1960, 120 So.2d 42.
DuPont's second point on appeal concerns whether the trial court correctly granted the summary judgment in favor of Parker in finding that as a matter of law Counts One and Three of the complaint were barred by the statute of limitations.
The summary judgment does not reveal its grounds; however, we accept DuPont's conclusion that the trial court could have proceeded only on the basis of the statute of limitations, which was an affirmative defense pled by the defendant, and which was *391 exclusively argued on the motion for summary judgment.
DuPont points out that the question involved here is not whether the statute of limitations was tolled by the prior litigation, but whether the statute ever commenced to run until the termination of that prior litigation.
Accepting DuPont's assertion that Counts One and Three sounded in contract, it is undisputed that he refers to a contract not founded upon an instrument in writing. The applicable statute of limitation is Section 95.11, Florida Statutes, F.S.A., which reads as follows:
"Limitations upon actions other than real actions. Actions other than those for the recovery of real property can only be commenced as follows:
* * * * * *
"(5) WITHIN THREE YEARS. 
* * * * * *
(e) And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."
* * * * * *
Obviously, DuPont's claim was not precluded by his prior action against Indemnity Insurance Company of North America, since he could have joined Parker in that action or in a separate action while the prior one was pending.
The general rule is that the statute is tolled for a person only when he is prevented from exercising his legal remedy by the pendency of other legal proceedings. See 54 C.J.S. Limitations of Actions § 247. In the instant case, Counts One and Three were founded upon a breach of an oral contract to procure certain insurance while the prior litigation was founded on a policy of insurance. DuPont was not precluded from an action against Parker due to the action he filed against the insurance company in Federal Court, on the policy itself. Counts One and Three were not filed within the three year statute of limitations and were properly dismissed.
For the reasons stated herein, the judgment appealed from is
Affirmed.