493 So.2d 15 (1986)
CITY OF ORLANDO and Greater Orlando Aviation Authority, Appellants,
v.
C. Champ WILLIAMS and Robert E. Langford, Appellees.
No. 85-1115.
District Court of Appeal of Florida, Fifth District.
July 24, 1986.
Rehearing Denied September 4, 1986.
*16 Robert Dyer, of Duckworth, Allen, Dyer & Pettis, P.A., Orlando, for appellants.
William G. Osborne and Wendy L. Aikin, of Osborne and Aikin, Orlando, for appellees.
UPCHURCH, Chief Judge.
This is an appeal from a final judgment entered in a contractual dispute over a lease agreement to operate an airport hotel facility. Appellants, the Greater Orlando Aviation Authority and the City of Orlando (the City), contend that the trial court erred in determining when the cause of action accrued, in granting appellees, Champ Williams and Robert Langford (the Williams group), the right of first refusal to construct a hotel at the new terminal, and in granting specific performance under the lease.
In 1964, the Williams group appeared before the Orlando City Commission to propose that a hotel be constructed at McCoy Air Force Base. The Air Force had recently entered into a lease with the city to allow the city to use the runway. The city invited bids on a hotel facility and accepted the Williams group's bid. The hotel lease agreement was executed on July 26, 1965. After the Air Force relinquished control over the airport in 1975, the city commenced construction of a new terminal which was completed in 1981. A hotel facility was never constructed between 1965 and January 20, 1984, when the Williams group filed suit for specific performance.
The controlling question presented is whether this action was barred by the statute of limitations. Section 95.11(5)(a), Florida Statutes (1985) requires that an action for specific performance of a contract shall be commenced within one year. Consistent with Florida law, this means that the statute of limitations begins to run on the date the contract is breached. Central National Bank v. Central Bancorp, Inc., 411 So.2d 358 (Fla. 3d DCA 1982). Stated differently, the statute of limitations starts running when there has been notice of an invasion of plaintiff's legal rights or notice of plaintiff's right to a cause of action. Toledo Park Homes v. Grant, 447 So.2d 343 (Fla. 4th DCA 1984); Smith v. Continental Insurance Co., 326 So.2d 189 (Fla. 2d DCA 1976).
The City contends that the cause of action arose in 1967 when the Williams group's attorney, in a letter to the City, wrote that he had "advised" his clients that they have a "right" to insist upon specific performance. The City also points out that *17 the Williams group did not attempt to enforce the lease after they were on notice that the new airport construction was encroaching upon the site specified in the lease. We do not find it necessary to discuss whether there was or was not a breach of the lease at those early dates. The trial court found, and the Williams group conceded, that there was a breach in August 1982 when, as stated in the final judgment, "the Orlando Aviation Authority took the unequivocal act of bringing suit for declaratory judgment on the July 26, 1965 lease."[1] The Williams group then had one year in which to commence suit for specific performance. They made no attempt to enforce the lease agreement until January 20, 1984, one and a half years after the declaratory judgment suit was commenced. The general rule is that the statute of limitations is tolled for a person only when he is prevented from exercising his legal remedy by the pendency of other legal proceedings. Dupont v. Parker and Company of Florida, 190 So.2d 388 (Fla. 3d DCA 1966). See 54 C.J.S. Limitations of Actions § 247. Since the Williams group was not prevented from pursuing its legal remedy, the declaratory action did not toll the running of the statute and this action was barred by the statute of limitations. Having made this determination, we need not address the other issues.
REVERSED.
SHARP and COWART, JJ., concur.
NOTES
[1] That suit was dismissed by the city in December, 1983.