535 So.2d 605 (1988)
Richard E. SWARTZMAN and T. Arlene Swartzman, Petitioners,
v.
The Honorable Catherine M. HARLAN, Circuit Judge, Sixth Judicial Circuit, Respondent.
No. 88-1824.
District Court of Appeal of Florida, Second District.
November 16, 1988.
Rehearing Denied November 16, 1988.
*606 Charles F. Ketchey, Jr. of Addison, Ketchey & Horan, P.A., Tampa, for petitioners.
Jary C. Nixon of Nixon and Nixon, and Thomas A. Smith, Tampa, for respondent Scrub-A-Dub, Inc.
PER CURIAM.
This is a petition for writ of prohibition or, in the alternative, a petition for writ of certiorari to review the denial of the Swartzmans' motion for partial summary judgment which alleged that Scrub-A-Dub's action against them was barred by the passage of the statute of limitations. We treat the petition as one for writ of prohibition, MacDonald v. McIver, 514 So.2d 1151 (Fla. 2d DCA 1987), and for the reasons stated below, grant the petition, quash the trial court's order, and remand with directions to enter partial summary judgment in favor of the Swartzmans and against Scrub-A-Dub.
The pertinent facts and dates are listed below:
12/18/80 Swartzmans executed $65,000 note in favor of Republic Bank, payable in 182 days.
7/18/81 Swartzmans did not pay note when due.
9/14/81 Northeast Bank (Republic's assignee) demanded payment from Swartzmans.
12/18/81 Swartzmans filed petition for bankruptcy.
3/26/86 Swartzmans' bankruptcy petition dismissed.
3/27/86 Notice of dismissal issued to creditors.
2/10/87 Scrub-A-Dub bought note from Northeast Bank approximately one year after Swartzmans' bankruptcy petition dismissed.
5/19/87 Scrub-A-Dub files action to collect note.
Thereafter, the Swartzmans filed their affirmative defenses and a motion for partial summary judgment alleging that the five-year statute of limitations on written instruments had run. Scrub-A-Dub filed a memorandum in opposition to the motion, contending that the Swartzmans' bankruptcy proceedings tolled the running of the statute of limitations. The trial court agreed with Scrub-A-Dub and denied the Swartzmans' motion for partial summary judgment. This timely petition followed.
The issue is whether the Swartzmans' bankruptcy proceedings tolled the running of the applicable statute of limitations in Florida on Scrub-A-Dub's action on the promissory note. Section 95.11(2)(b), Florida Statutes (1981), provides for a five-year statute of limitations for actions on written instruments. Both parties agree that the cause of action on the promissory note accrued on July 18, 1981, when the Swartzmans did not pay the note when it became due. Thus, the statute of limitations would have run on July 18, 1986.
Scrub-A-Dub, however, contends that the statute of limitations was tolled from December 18, 1981, the date on which the Swartzmans filed their petition for bankruptcy, until March 26, 1986, 60 B.R. 18, the date on which the bankruptcy petition was dismissed, because the automatic stay provisions of 11 U.S.C. § 362 (1978) prevented the commencement of any action against the Swartzmans during the pendency of the bankruptcy proceedings. In support *607 of its contention, Scrub-A-Dub relies on the "general rule" as cited in Schwartz v. Zaconick, 74 So.2d 108 (Fla. 1954); City of Orlando v. Williams, 493 So.2d 15 (Fla. 5th DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1987); Major Appliances, Inc. v. Mount Vernon Fire Insurance Co., 462 So.2d 561, 563 n. 1 (Fla. 3d DCA 1985); and DuPont v. Parker & Co., 190 So.2d 388 (Fla. 3d DCA 1966), that:
the statute of limitations is tolled for a person only when he is prevented from exercising his legal remedy by the pendency of other legal proceedings.
Dupont, 190 So.2d at 391 (citing 54 C.J.S., Limitations of Actions § 247). See also 35 Fla.Jur.2d, Limitations and Laches § 73 (1982).
We conclude that in 1974 the legislature superseded the general rule adopted by prior case law by creating section 95.051 which provides for specific instances that toll the running of any statute of limitations. See Ch. 74-382, § 1, Laws of Fla. There is no provision for the tolling of any statute of limitation during the pendency of other legal proceedings which prevent a person from exercising a legal remedy, including bankruptcy proceedings. Cf. § 95.051(1)(g), Fla. Stat. (1987) (pendency of arbitral proceeding pertaining to a dispute that is the subject of the action tolls any statute of limitations). Further, section 95.051(2) specifically provides that no disability or "other reason" shall toll the running of any statute of limitations except those specifically delineated. § 95.051(2), Fla. Stat. (1981). Neither Williams nor Major Appliances, Inc., later cases which have adopted the above-cited general rule, discusses section 95.051(2). Because the legislature has expressly provided for the instances that shall toll the running of any statute of limitations and has excluded any "other reason," we are not free to create an exception to that determination. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). As such, we hold that under Florida law, the Swartzmans' bankruptcy proceedings did not toll the running of the statute of limitations in the present case.
Scrub-A-Dub further contends that 11 U.S.C. § 108(c)(1) (1978) tolled the time for the commencement of its action against the Swartzmans. Section 108(c), in pertinent part, provides:
[I]f applicable nonbankruptcy law, ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of filing of the petition, then such period does not expire until the later of 
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of termination or expiration of the stay under § 362, 922, 1201 or 1301 of this title ..., as the case may be, with respect to such claim.
Scrub-A-Dub argues that the limitations period was "suspended" because any action against the Swartzmans was automatically stayed pursuant to 11 U.S.C. § 362. There is nothing in section 362, however, which tolls any statute of limitations. Further, we agree with the court in Grotting v. Hudson Shipbuilders, Inc., 85 B.R. 568 (W.D.Wash. 1988), cited to us by the Swartzmans, that:
[s]ince neither the Stay provision nor the Extension provision [of section 108(c)] suspend [sic] a statute of limitations from running, the language in Section 108(c)(1) referring to "any suspension of such period" means those nonbankruptcy law tolling periods such as minority or incompetency of a plaintiff.
Id. at 569. Such a suspension would also include any statutory tolling provisions, such as those found in section 95.051. However, as discussed above, section 95.051 does not provide for the tolling of the statute of limitations in this case. Thus, the latest date that Scrub-A-Dub had under 11 U.S.C. § 108(c) to file its action against the Swartzmans still was July 18, 1986, the end of the limitations period.
Although Scrub-A-Dub cites cases from other jurisdictions that have held that a state statute of limitations period is tolled by a bankruptcy proceeding, see e.g., Garbe Iron Works, Inc. v. Priester, 99 Ill.2d 84, *608 75 Ill.Dec. 428, 457 N.E.2d 422 (1983); In re Houts, 23 B.R. 705 (W.D.Mo. 1982), we adopt the better-reasoned position of Grotting:
While the applicable statute of limitations may continue to run under ... Section 108, a claimant is not unfairly precluded from ever asserting a claim against a debtor in bankruptcy because such claimant (1) may move the Bankruptcy Court to lift the stay .. .; (2) file after the bankruptcy proceedings terminate, if the applicable statute of limitations still has time to run; or (3) file during the 30-day period following a lifting of the stay or termination of the bankruptcy proceedings.
The interpretation that the applicable statute of limitations is not tolled by the Automatic Stay in bankruptcy comports best with expeditious and fair administration of a bankrupt's estate. The parties have more certain knowledge of when claims will expire, and the potential claims period is not unduly extended because of the length  which may be great in complex cases  of the bankruptcy proceedings.
85 B.R. at 570. See also In re Baird, 63 B.R. 60 (W.D.Ky. 1986).
Accordingly, we hold that under section 95.051 and 11 U.S.C. § 108 (c), the filing of a petition in bankruptcy does not toll the running of any applicable statute of limitations period. Because Scrub-A-Dub's action against the Swartzmans was filed after the statute of limitations had run, the trial court did not have jurisdiction to entertain the case. As such, we grant the petition for writ of prohibition, quash the trial court's denial of the Swartzmans' motion for partial summary judgment against Scrub-A-Dub, and remand with directions to grant the Swartzmans' motion and enter partial summary judgment against Scrub-A-Dub.
CAMPBELL, C.J., and HALL and PARKER, JJ., concur.