PARKER, Judge.
Commercial Laundries of West Florida, Inc. (Commercial) appeals the entry of a final summary judgment in favor of Palma Del Mar Condominium Association (the Association). We reverse.
The Association filed an action seeking a declaratory judgment and other relief alleging a 1983 lease for laundry space between the parties was unenforceable against the Association and alleging Commercial was not entitled to possess, use, or manage the laundry space at the condominium complex. Although Commercial had performed all conditions required by the lease, the Association based its action upon the third district court’s interpretation of section 718.3025, Florida Statutes (1985), in Wash-Bowl Vending Co. v. No. 3 Condominium Association Village Green, Inc., 485 So.2d 1307 (Fla. 3d DCA 1986). That statute provides as follows:
718.3025 Agreements for operation, maintenance, or management of condominiums; specific requirements.—
(1) No written contract between a party contracting to provide maintenance or management services and an association which contract provides for operation, maintenance, or management of a condominium association or property serving *1234 the unit owners of a condominium shall be valid or enforceable unless the contract:
(a) Specifies the services, obligations, and responsibilities of the party contracting to provide maintenance or management services to the unit owners.
(b) Specifies those costs incurred in the performance of those services, obligations, or responsibilities which are to be reimbursed by the association to the party contracting to provide maintenance or management services.
(c) Provides an indication of how often each service, obligation, or responsibility is to be performed, whether stated for each service, obligation, or responsibility or in categories thereof.
(d) Specifies a minimum number of personnel to be employed by the party contracting to provide maintenance or management services for the purpose of providing service to the association.
(e) Discloses any financial or ownership interest which the developer, if the developer is in control of the association, holds with regard to the party contracting to provide maintenance or management services.
(2) In any case in which the party contracting to provide maintenance or management services fails to provide such services in accordance with the contract, the association is authorized to procure such services from some other party and shall be entitled to collect any fees or charges paid for service performed by another party from the party contracting to provide maintenance or management services.
(3) Any services or obligations not stated on the face of the contract shall be unenforceable.
§ 718.3025, Fla.Stat. (1985).
In Wash-Bowl, the third district concluded that laundry space leases of the type entered into by the parties in this case were intended by the legislature to be included within the requirements of section 718.3025. The trial court, following the Wash-Bowl decision, granted the Association’s motion for summary judgment in this case, finding that the parties’ contract was invalid and unenforceable because it failed to meet the minimum requirements set forth in section 718.3025, Florida Statutes (1983). Because we disagree with the result reached in Wash-Bowl, we reverse the judgment for the Association and certify conflict with the Wash-Bowl decision.
We do not believe that in enacting section 718.3025, the legislature envisioned that section would apply to coin-operated laundry, food, soft drink, telephone, or other similar vendors. The statute plainly was directed to contracts involving the operation, maintenance, and management of the entire condominium complex and not to contracts involving the operation of laundry equipment installed for the benefit of the condominium owners.
We recognize that the legislature has now clarified by an amendment to that statute its intent with respect to the nonap-plication of section 718.3025 to these types of contracts. The amendment was adopted as subsection (4) of that statute in 1986, which provides:
Notwithstanding the fact that certain vendors contract with associations to maintain equipment or property which is made available to serve unit owners, it is the intent of the Legislature that this section applies to contracts for maintenance or management services for which the association pays compensation. This section does not apply to contracts for services or property made available for the convenience of unit owners by lessees or licensees of the association such as coin-operated laundry, food, soft drink, or telephone vendors; cable television operators, retail store operators; businesses; restaurants; or similar vendors.
§ 718.3025(4), Fla.Stat. (Supp.1986) (emphasis added). Nonetheless, even without considering the amendment, we decline to follow the interpretation of the pre-amended *1235 statute which is expressed in Wash-Bowl, and we certify conflict with that decision,
Reversed and remanded for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and ALTENBERND, J., concur.