586 So.2d 315 (1991)
PALMA DEL MAR CONDOMINIUM ASSOCIATION # 5 OF ST. PETERSBURG, INC., etc., Petitioner,
v.
COMMERCIAL LAUNDRIES OF WEST FLORIDA, INC., etc., Respondent.
No. 76167.
Supreme Court of Florida.
August 15, 1991.
Rehearing Denied October 17, 1991.
Brian P. Deeb and C. Scott Brainard of Deeb & Brainard, P.A., St. Petersburg, for petitioner.
Ainslee R. Ferdie of Ferdie and Gouz, Coral Gables, for respondent.
Mitchell Ryan Katz of Spencer & Klein, P.A., Miami, amicus curiae for Amerivend Corp.
OVERTON, Justice.
We have for review Commercial Laundries, Inc. v. Palma Del Mar Condominium Association # 5, 561 So.2d 1233 (2d DCA 1990), in which the Second District Court of Appeal held that section 718.3025, Florida Statutes (1985), entitled "Agreements for operation, maintenance, or management of condominiums" did not apply to contracts for services such as coin-operated laundries. The district court certified conflict with Wash-Bowl Vending Co. v. No. 3 Condominium Association, Village Green, 485 So.2d 1307 (Fla. 3d DCA 1986).[1] For the reasons expressed, we approve the decision of the district court in this case and disapprove the Third District Court of Appeal's decision in Wash-Bowl.
The record reflects that Commercial Laundries of West Florida (Commercial) entered into a lease for laundry space with *316 the Palma Del Mar Condominium Association (Condominium Association), and it performed all of the conditions required by the lease. In 1988, Condominium Association filed a declaratory judgment action, asserting that the lease was unenforceable and that Commercial was not entitled to use the laundry space at the Condominium complex because the lease did not comply with the provisions of section 718.3025, Florida Statutes.[2] Condominium Association asserted that the Third District Court of Appeal's decision in Wash-Bowl, construing section 718.3025 to apply to laundry-space leases, controlled in this situation. The trial court agreed and granted Condominium Association's motion for summary judgment, finding Commercial's lease unenforceable because its terms failed to meet the minimum requirements set forth in the statute.
On appeal, the Second District Court of Appeal expressly disagreed with the result reached by the Third District Court of Appeal in Wash-Bowl, explaining:
We do not believe that in enacting section 718.3025, the legislature envisioned that section would apply to coin-operated laundry, food, soft drink, telephone, or other similar vendors. The statute plainly was directed to contracts involving the operation, maintenance, and management of the entire condominium complex and not to contracts involving the operation of laundry equipment installed for the benefit of the condominium owners.
561 So.2d at 1234. The district court noted that in 1986 the legislature clarified section 718.3025 by explaining, in subsection (4), that it was not to apply to contracts for services such as coin-operated laundries.
In Wash-Bowl, the Third District Court of Appeal recognized that there were no cases interpreting section 718.3025; however, it concluded that laundry-space leases fell under the statute's purview because "the language `property serving the unit owners' covers washers and dryers which are available for use by all owners." 485 So.2d at 1310. After the Wash-Bowl decision, the legislature enacted chapter 86-175, Laws of Florida, clarifying section 718.3025, Florida Statutes, by adding the following language:
(4) Notwithstanding the fact that certain vendors contract with associations to maintain equipment or property which is made available to serve unit owners, it is the intent of the Legislature that this section applies to contracts for maintenance or management services for which the association pays compensation. This section does not apply to contracts for services or property made available for the convenience of unit owners by lessees *317 or licensees of the association, such as coin-operated laundry, food, soft drink, or telephone vendors; cable television operators; retail store operators; businesses; restaurants; or similar vendors.
§ 718.3025(4), Fla. Stat. (Supp. 1986) (emphasis added).
The legislature has the authority to explain its original intent, and did so in this instance, without modifying the original wording of section 718.3025. We have previously said that courts may consider subsequent legislation to determine the intended result of a previously enacted statute. See Ivey v. Chicago Ins. Co., 410 So.2d 494 (Fla. 1982); Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla. 1952). Consequently, it is appropriate for this Court to consider chapter 86-175, Laws of Florida, particularly since there had been a judicial interpretation after the original enactment of section 718.3025 which the legislature believed was contrary to its original intent.
We hold that the interpretation of the statute by the Second District in the instant case is correct. The statute as construed by Condominium Association restricts the right to contract in certain circumstances. The statute limits the right to contract; it does not create a vested right. Assuming that both district courts' interpretations are reasonable, given the language of the statute, the interpretation that should be applied is the one that least restricts the right to contract. This is necessary in order to give proper recognition to the constitutional prohibition against the impairment of contracts.[3]
We find that the interpretation of the Second District is a more reasonable interpretation of the statute even without the legislature's subsequent clarification. Accordingly, we approve the decision of the district court in this cause and disapprove the decision of the Third District Court of Appeal in Wash-Bowl.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] Section 718.3025, Florida Statutes (1985), provides:

(1) No written contract between a party contracting to provide maintenance or management services and an association which contract provides for operation, maintenance, or management of a condominium association or property serving the unit owners of a condominium shall be valid or enforceable unless the contract:
(a) Specifies the services, obligations, and responsibilities of the party contracting to provide maintenance or management services to the unit owners.
(b) Specifies those costs incurred in the performance of those services, obligations, or responsibilities which are to be reimbursed by the association to the party contracting to provide maintenance or management services.
(c) Provides an indication of how often each service, obligation, or responsibility is to be performed, whether stated for each service, obligation, or responsibility or in categories thereof.
(d) Specifies a minimum number of personnel to be employed by the party contracting to provide maintenance or management services for the purpose of providing service to the association.
(e) Discloses any financial or ownership interest which the developer, if the developer is in control of the association, holds with regard to the party contracting to provide maintenance or management services.
(2) In any case in which the party contracting to provide maintenance or management services fails to provide such services in accordance with the contract, the association is authorized to procure such services from some other party and shall be entitled to collect any fees or charges paid for service performed by another party from the party contracting to provide maintenance or management services.
(3) Any services or obligations not stated on the face of the contract shall be unenforceable.
[3] U.S. Const. art. I, § 10.