FARMER, Judge.
The issue in this case is whether section 95.051(1), Florida Statutes (1991), has the effect of tolling a statute of limitations because of the pendency of bankruptcy proceedings. The trial court found that it did not and therefore dismissed a complaint with prejudice. We reverse.[1]
Daniel Brown, Jr., was killed in March 1985 when a tractor manufactured by MRS Manufacturing Co. [MRS] rolled over. In March 1986, MRS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code,[2] thereby effecting an automatic stay prohibiting the commencement of any civil action against it.[3] Six months after the commencement of the bankruptcy case, Patricia Brown, as the personal representative of his probate estate [Brown], filed a proof of claim in the Bankruptcy Court.
In August 1991, while the bankruptcy proceedings were still pending, Brown discovered that MRS was covered under a liability insurance policy, a fact which might provide grounds under section 362(d) for relief from the stay, and filed a motion in the Bankruptcy Court for such relief.[4] On September 5, 1991, the bankruptcy court entered an order lifting the stay to allow plaintiff to commence her action in a state court against MRS, but only to the extent of liability insurance coverage.
Brown then sought and was granted leave of court to amend her already pending action in the circuit court against others to add MRS as a party. The trial court entered an order deeming the amended complaint filed against MRS as of October 2, 1991. MRS responded to the amended complaint by moving to dismiss it on the basis of Florida’s statutes of limitations and repose.[5] This appeal timely fol *760 lowed the judge’s order dismissing her claim.
MRS rested its argument in the trial court on the second district’s opinion in Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA1988), where that court reasoned as a matter of Florida law that statutes of limitations will be tolled only under those circumstances specified in section 95.051(1), Florida Statutes (1987).[6] Not finding bankruptcy specified in the statute then, the court concluded that under Florida law bankruptcy did not toll an otherwise applicable statute of limitations. As to federal law, Swartzman followed the reasoning in Grotting v. Hudson Ship Builders, Inc., 85 B.R. 568 (Bankr.W.D.Wash.1988).
In Grotting, plaintiff brought his claim after a three year statute of limitations had run (if not deemed suspended) and also after the 30-day period provided by section 108(c)(2) of the Bankruptcy Code[7] had run as well. The issue was whether bankruptcy law effected a stay of the unexpired portion of a federal limitations period. The court found no such suspension in either section 108(c) or in section 362(a) and held:
While the applicable statute of limitations may continue to run under * * * Section 108, a claimant is not unfairly precluded from ever asserting a claim against a debtor in bankruptcy because such claimant (1) may move the Bankruptcy Court to lift the stay * * *; (2) file after the bankruptcy proceedings terminate, if the applicable statute of limitations still has time to run; or (3) file during the 30-day period following a lifting of the stay or termination of the bankruptcy proceedings.
The interpretation that the applicable statute of limitations is not tolled by the Automatic Stay in bankruptcy comports best with expeditious and fair administration of a bankrupt’s estate. The parties have more certain knowledge of when claims will expire, and the potential claims period is not unduly extended because of the length — which may be great in complex cases — of the bankruptcy proceedings.
85 B.R. at 570; see also Swartzman, 535 So.2d at 608.[8]
After Swartzman was decided, the Florida legislature amended section 95.051(1) to add the following provision:
This section shall not be construed to limit the ability of any person to initiate an action within 30 days of the lifting of an automatic stay issued in a bankruptcy action as is provided in 11 U.S.C. § 108(c).
See Ch. 89-26, Laws of Fla. This amendment was effective May 29, 1989. MRS argued that the amendment is inapplicable because it was adopted after the 2-year wrongful death statute of limitations had already run in this case.
To be sure, the precise issue directly presented by these facts is whether the 1989 amendment of section 95.051(1) had the effect of suspending the Florida statute of limitations where:
(1) bankruptcy proceedings are commenced by the defendant asserting the statute of limitations:
*761 (a) after the accrual of the cause of action,
(b) before the expiration of the limitations period, and
(c) before the enactment of the amendment; and
(2) but for the amendment, the limitations period would have fully lapsed by the time suit was actually commenced.
We hold that it does.
In Palma Del Mar Condominium Assoc. No. 5 of St. Petersburg Inc. v. Commercial Laundries of West Florida Inc., 586 So.2d 315 (Fla.1991), the supreme court held:
The legislature has the authority to explain its original intent, and did so in this instance, without modifying the original wording of section 718.3025. We have previously said that courts may consider subsequent legislation to determine the intended result of a previously enacted statute. See Ivey v. Chicago Ins. Co., 410 So.2d 494 (Fla.1982); Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla.1952). [e.o.]
586 So.2d at 317. The question is whether the legislature intended to modify or merely clarify section 95.051(1).
The second district decided Swartzman in November 1988. The legislature enacted chapter 89-26, Laws of Florida, during its 1989 legislative session. The'precise text chosen by the legislature suggests to us an intent merely to clarify, but not to modify, section 95.051(1) (“This section shall not be construed [e.s.] * * *.”). In other words, the legislature simply wanted to make it clear that section 95.051(1) suspends the statute of limitations to the extent of allowing the claimant to bring an action within 30 days of termination of the bankruptcy stay.[9] Following the lead of the supreme court in Palma Del Mar, we hold that the 1989 legislative enactment in this ease merely expresses what the legislature had intended all along that section 95.051(1) meant as to the effect of bankruptcy proceedings.
The stay went into effect in March 1986 when MRS sought bankruptcy court relief from creditors such as Brown. When the stay began, Brown still had nearly one year unexpired or unlapsed on the Florida statute of limitations. The legislature has since told us that it intended section 95.-051(1) to effect a tolling or suspension of the unexpired portion of the statute of limitations, at least to the extent of allowing the claimant to commence an action within 30 days after the stay was terminated.
The Bankruptcy Court lifted the stay on September 5,1991. Brown’s amended complaint asserting the claim against MRS was deemed filed by order of the trial judge on October 2, 1991. Plainly, Brown’s action was commenced against MRS within 30 days of the termination of the stay. It follows that her action was not time barred by the Florida limitations period.
REVERSED.
HERSEY and KLEIN, JJ„ concur.

. Although it vigorously asserted the bar of the limitations below and in its brief, MRS has since filed a concession of error, in which it concedes that the amended complaint was timely filed and has agreed to file an answer upon our remand to the trial court. While we obviously approve of MRS’s candor in conceding error, we do suggest that such concessions would better serve the interests of justice if they were filed before a case has been set for oral argument — or, if after, soon enough that we may substitute another case on the OA calendar if we are disposed to accept the concession. In this instance, we accept the concession and have taken the time to write an extended opinion to make clear the effect of a statutory enactment, which was itself motivated by Scwartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988), discussed later in this opinion.

. In the Matter of MRS Manufacturing Co., No. 86-00420-JC (Bankr.S.D.Miss.).

. Section 362 of the Bankruptcy Code provides in relevant part:
(a) Except as provided in subsection (b) of this section, a petition under [the Bankruptcy Code] * * * operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial * * * action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover on a claim against the debtor that arose before the commencement of the case under this title).]
11 U.S.C. § 362(a)(1) (1991 ed.).

. Section 362(d) provides in part:
(d) On request of a party in interest and after notice and a hearing, the [bankruptcy] court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay — * * *.
11 U.S.C. § 362(d) (1991 ed.).

. See § 95.11(4)(d), Fla.Stat. (1991) (action for wrongful death must be commenced within 2 years).
Brown’s amended complaint alleged that the subject tractor was delivered to its original purchaser in July 1978. In its motion to dismiss, MRS also contended that Brown's action was barred by the statute of repose. See § 95.-031(2), Fla.Stat. (1985). Because the amended complaint was deemed filed on October 2, 1991, more than 12 years had elapsed since the first delivery of the tractor to its purchaser in July 1978. The statute of repose in products liability actions, however, was repealed by the legislature effective July 1, 1986. See Ch. 86-272, § 2, Laws of Fla. Obviously, as the 12-year period of repose had not fully lapsed before repeal, no immunity from liability became vested in MRS before the repealer. See Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992). On no account, therefore, could the statute of repose have barred Brown’s claim. Even if the statute had not been repealed as to Brown’s claim, any suspension of a limitations period under section 95.051(1), resulting from the pen-dency of bankruptcy proceedings should apply equally well to statutes of repose.

. Under the text of section 95.031(1) extant in 1987, there was no specific mention of bankruptcy as tolling a limitations period. The only grounds then expressly listed in the statute were: absence from the state, the use of a false name, concealment within the state, incapacity or minority.

. In its most pertinent part, section 108(c) of the Bankruptcy Code provides:
(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law * * * fixes a period for commencing * * * a civil action in a court other than a bankruptcy court on a claim against the debtor * * * and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occurring on or after commencement of the case; or
(2) 30 days after notice of the termination or expiration of the stay under 362 * * * of this title * * * with respect to such claim.
11 U.S.C. § 108(c) (1991 ed.).

.Whether Grotting correctly construes the capacity of bankruptcy law to effect a suspension of a federal statute of limitations is beside the point. The issue here is governed by Florida law.

. We specifically express no opinion as to whether the legislature’s clarification of section 95.051(1) had the effect of overruling Swartz-man's separate holding that the automatic stay of section 362 does not itself suspend a Florida statute of limitations.