PETERSON, J.
The Brevard County Tax Collector appeals the trial court’s determination that tax certificates issued for unpaid ad valorem taxes were unenforceable because the owner of the certificates failed to apply for a tax deed within seven years as prescribed by section 197.482(1), Florida Statutes (1997). The tax collector asserts that the bankruptcy of the owner of the title to the real property encumbered by the certificates tolled the seven year period. ■
Anthony Sestilio Caserta, the landowner, failed to pay 1987 and 1988 ad valorem taxes on his property and two tax certificates were issued, one for each of the years the taxes were unpaid. ■ On March 14, 1991, Caserta filed for bankruptcy. On July 18, 1991, a mortgagee obtained relief from the bankruptcy’s automatic stay to institute foreclosure proceedings against Caserta on a parcel of real estate in Brevard County.[1] In November of 1992, the bankruptcy court ordered the property subject to the two tax certificates conveyed to appellee, Caron Bal-kany, as Trustee. On December 14, 1992, Caserta was discharged from bankruptcy.
On February 12, 1997, the holder of the two tax certificates applied for tax deeds. In order to avoid loss of her property through a sale of the tax deeds, Balkany redeemed the two certificates for $28,610. Eight months later, Balkany filed in the instant case a “Complaint for Property Tax Refund and For Damages” against the tax collector. Balkany’s complaint alleged that the tax collector was responsible for the expense she *384 incurred in payment of the 1988 and 1989 tax certificates as well as interest, attorney’s fees and court costs, because of the tax collector’s refusal to perform his statutory duty to declare the 1988 and 1989 tax certificates null and void seven years after they were issued.
Section 197.482, Florida Statutes (1997), provides:
Limitation upon lien of tax certificate.—
(1) After the expiration of 7 years from the date of issuance of a tax certificate, if a tax deed has not been applied for ori the property covered by the certificate, and no other administrative or legal proceeding has existed of record, the tax certificate is null and void, and the tax collector shall cancel the tax certificate, noting the date of the cancellation of the tax certificate upon all appropriate records in his or her office. The tax collector shall complete the cancellation by entering opposite the record of the 7-year-old tax certificate a notation in substantially the following form: “Canceled by Act of 1973 Florida Legislature.” ...
The tax collector answered Balkany’s complaint alleging that Caserta, the property owner, had been involved in a bankruptcy proceeding, a legal proceeding affecting the property covered by the certificates, and therefore the statutory condition that “no other ... legal proceeding has existed of record” had not been met.
The trial court granted summary judgment to Balkany, disagreeing with the tax collector’s argument that the bankruptcy of Caser-ta was a legal proceeding of record pursuant to section 197.482, which acted as a toll on the statute of limitations. The trial court ruled specifically:
The limitations provision of section 197.482, Fla. Stat. is not tolled by the bankruptcy. A tax deed could have been sought during the pendency of the bankruptcy by seeking to lift the stay; within the limitations period left subsequent to the bankruptcy; or within thirty (30) days following the lifting of the stay or termination of bankruptcy. (See, generally, In re General Development [Corp.] 135 B.R. 1008 ([Bkrtcy.]S.D.Fla.l991) — automatic stay lifted to allow for sale of tax certificates).
At the time that the certificate holder sought a tax deed sale, the tax certificates were null and void.
Final judgment was entered awarding Balka-ny the amount paid to redeem the tax certificates, interest, costs and attorney’s fees.
Prior to 1973, the only limitation on bringing an action based on ownership of a tax sale certificate was for certificates which were over 20 years old. Former section 197.430, Florida Statutes (1971), provided:
197.430 Cancellation of tax sale certificates over twenty years old.—
(1) After the expiration of twenty years from the date of issuance of any tax sale certificate issued against any lands in the state whether issued for state taxes, state and county taxes, county taxes, or issued by a municipality for municipal taxes, and held by any private holder, natural or corporate, partnership, trustee, estate of deceased person, or other person or persons under disability, or otherwise, and no application for tax deed thereon, or other administrative or legal proceeding is pending involving said tax sale certificate, the several clerks of the circuit court of the state are authorized, empowered and directed to note the cancellation by this section of such twenty year old tax sale certificate upon any and all records thereof in the office of such clerk.
(Emphasis added). The Florida Department of Revenue’s amicus curiae brief notes that when the legislature reduced from 20 years to seven years the time in which to normally bring an action on a tax deed, it also expanded the scope of exceptional circumstances in which the normal limitation period would not apply. Under the former statute, the 20 year deadline was absolute unless, at that time of the deadline, an “application for tax deed thereon, or other administrative or legal proceeding [was] pending involving said tax sale certificate.” Under the revised statute, the period in which to bring an action is reduced substantially from 20 years to seven years, but the exception to the rule, unlike the former statute, is not limited to situations where, at the expiration of the limitation *385 period, either a tax deed had been applied for or other administrative or légal proceedings were pending. Instead, under the revised statute, the legislature has specified that a seven year old tax certificate is not null and void if any “administrative or legal proceeding has existed of record.”[2] (Emphasis added).
We believe that by using the words, “has existed,” rather than, “is pending,” the legislature has provided for a tolling of the seven year life of tax certificates for any periods of time during the seven year period where the property subject to the certificate has been the subject of an administrative or legal proceeding of record. A bankruptcy of a person owning property subject to a tax certificate is clearly a legal proceeding of record involving property covered by such a certificate. We hold that section 197.482 does toll the seven year normal life of a tax certificate when a bankruptcy stay affects property covered by a tax certificate.
The two certificates in the instant case were issued on May 31, 1988, and May 30, 1989. The owner of those certificates did not apply for a tax deed until February 12, 1997, over seven and one-half years after the second certificate was issued and over eight and one-half years after the first. Caserta filed for bankruptcy on March 14, 1991. The filing of the bankruptcy petition acted as a stay, applicable to all entities, of any legal actions proceeding on property covered by the estate. 11 U.S.C. § 362. Unless the bankruptcy court lifts the stay for action on a particular property or cause of action, it remains in effect throughout the pendency of the bankruptcy. In the instant case no evidence was presented that the stay was lifted with respect to any action on enforcement of the tax certificate. We acknowledge Balka-nj^s argument that the stay was lifted because the trial court permitted a mortgagee of some property in Brevard County to be relieved from the stay and to institute foreclosure proceedings with respect to the property covered by the mortgage. But even if this property is the same property as that covered by the tax certificate, this is hardly proof that the bankruptcy court also lifted the stay with respect to the enforcement of the tax certificates covering the property.
We have also considered Balkany’s argument that Florida’s general statute of limitation tolling provisions, set forth in section 95.051, do not allow for a toll of any statute of limitations for bankruptcy proceedings. In Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988), that court specifically observed that:
[Tjhere is no provision for the tolling of any statute of limitation during the pen-dency of other legal proceedings which prevent a person from exercising a legal remedy, including bankruptcy proceedings _ Further, section 95.051(2) specifically provides that no disability or other reasons shall toll the running of any statute of limitations except those specifically delineated.
Id. at 607.
However, in relying so heavily on section 95.051 and the Swartzman decision, Balkany fails to recognize that Chapter 95’s applicability in general is covered by section 95.011:
Applicability. — A civil action or proceeding, called “action” in this chapter ... shall be barred unless begun with the time prescribed in .this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.
The time period of seven years set forth in section 197.482 specifically dealing with a limitations period for bringing an action on a tax certificate clearly supersedes the general limitations period set forth in chapter 95. § 95.011; see also E & A Concrete v. Perry, 379 So.2d 1015 (Fla. 1st DCA 1980) (specific statutory provision superceded more general *386 statutory provision in conflict with the more specific); Proser v. Berger, 132 So.2d 439, 441 (Fla. 3d DCA) (specific provisions of an agreement are to be given such effect as to supercede provisions in conflict which are stated in more general terms), cert. dismissed, 136 So.2d 343 (Fla.1961).
Caserta was not released from bankruptcy until December 14, 1992; therefore, the property covered by the tax certificates was the subject of another legal proceeding, one which stayed any action on the certificates, for over 20 months. The seven year statute of limitations provided for in section 197.482 was tolled during this period in which the property was subject to the bankruptcy’s automatic stay.
We recognize the language used by the legislature in section 197.482 is not clear, and should likely be refined to more clearly articulate the extent and duration of the toll period applicable to such proceedings. However, it is clear enough in this case that because the property was subject to the automatic stay and the application for the tax deed was made within the normal seven year limitation period extended by the stay period, the tax certificate was not null and void at the time the application for tax deed was filed.
We also note that there is considerable support in federal bankruptcy law for the proposition that section 108(c) of the bankruptcy code acts, itself, as a toll of a state statute of limitation without regard to whether that state statute of limitation itself recognizes the bankruptcy proceeding as a tolling device. But we further acknowledge the existence of a split of authority on this issue in the bankruptcy courts. See Skywark v. Isaacson, 202 B.R. 557 (S.D. New York 1996).
We vacate the final judgment and remand for further proceedings consistent with this decision.
FINAL JUDGMENT VACATED; REMANDED.
COBB and HARRIS, JJ., concur.

. The record is not clear as to whether the lands described in that mortgage included the lands encumbered by the two tax certificates.

. The Department of Revenue has also promulgated an administrative rule, Florida Administrative Code section 12D-13.059(4), in an attempt to construe the statute:
The period of limitations on tax certificates shall be tolled on the institution'of any judicial or administrative proceeding involving the property or affecting the lien of the tax certificate, when an application for tax deed is made on the property described in the certificate, or when the property described in the certificate has been placed on a list of lands available for taxes.