779 So.2d 296 (1999)
George PANAGAKOS, M.D., Petitioner,
v.
Erel LAUFER, M.D., Respondent.
No. 98-03675.
District Court of Appeal of Florida, Second District.
March 26, 1999.
*297 Stephen O. Cole of Macfarlane, Ferguson & McMullen, Clearwater, for Petitioner.
Lester F. Murphy of Murphy Law Firm, Palm Harbor, for Respondent.
PER CURIAM.
George Panagakos, M.D., petitions this court for a writ of certiorari or, in the alternative, a writ of prohibition quashing the trial court's order denying his motion to dismiss a complaint for defamation filed against him by Erel Laufer, M.D. Panagakos asserts two grounds on which the complaint should have been dismissed: (1) that the complaint is barred by the statute of limitations; and (2) that the alleged defamatory statement is protected by immunity. We dismiss the petition for lack of jurisdiction.
This court lacks jurisdiction to review the denial of a motion to dismiss based on a statute of limitations defense by either a writ of certiorari, see Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977), or a writ of prohibition. This court has no authority through a writ of prohibition to review a trial court's denial of a defendant's motion to dismiss based on the defendant's affirmative defense of statute of limitations. Prohibition is an extraordinary writ that is extremely narrow in scope and operation. It exists to prevent "an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction." English v. McCrary, 348 So.2d 293, 297 (Fla.1977). When a trial court makes an erroneous ruling on a statute of limitations defense, that error, like any other error concerning an affirmative defense, can be corrected on appeal from a final order. Cf. Mandico v. Taos Constr., 605 So.2d 850 (Fla.1992) (holding that prohibition may not be used to raise affirmative defense of workers' compensation immunity). Although this court in Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988), issued a writ of prohibition because an action was barred by the statute of limitations, that opinion does not specifically address the appropriateness of prohibition. Nonetheless, to the extent that it suggests that prohibition is the appropriate remedy, we believe that the reasoning of the supreme court in Mandico requires a contrary conclusion.
We also hold that under the circumstances of this case, this court does not have jurisdiction to review the trial court's *298 order denying the motion to dismiss based on a claim of immunity. Panagakos asserts that the alleged defamatory statements are privileged from suit because they were made during the course of judicial proceedings. While this court has recently held that certiorari jurisdiction does lie to review the denial of a summary judgment motion based on public official immunity, see Stephens v. Geoghegan, 702 So.2d 517 (Fla. 2d DCA 1997), we decline to extend this principle to a claim of judicial proceedings privilege brought before this court on a denial of a motion to dismiss. As it is not before us, we do not address whether certiorari jurisdiction would lie to review a claim of judicial proceedings privilege denied after summary judgment. We, therefore, dismiss the petition.
THREADGILL, A.C.J., and ALTENBERND and FULMER, JJ., Concur.