PER CURIAM.
Appellants seek review of the trial court’s order denying their specific performance count based on the determination that the action was barred by the statute of limitations. Section 95.11(5)(a), Florida Statutes (2008), requires an action for specific performance of a contract be brought within one year, and the statute of limitations begins to run on the date the contract is breached. Cent. Nat’l Bank of Miami v. Centr. Bancorp, Inc., 411 So.2d 358, 362 (Fla. 3rd DCA 1982); see also City of Orlando v. Williams, 493 So.2d 15, 16 (Fla. 5th DCA 1986).
Appellants concede a breach occurred in 2003. However, appellants argued below that a subsequent implied in fact contract arose following the original breach based on the conduct of the parties. “[A]n implied contract is one in which some or all of the terms are inferred from the conduct of the parties and the circumstances of the case, though not expressed in words.” 17A Am. Jur. 2d Contracts § 12 (2009). “In a contract implied in fact the assent of the parties is derived from other circumstances, including their course of dealing or usage of trade or course of performance.” Rabon v. Inn of Lake City, Inc., 693 So.2d 1126, 1131 (Fla. 1st DCA 1997) (citing Restatement (Second) of Contracts § 4, cmt. a (1982)).
Here, a review of the record evidences the trial court failed to consider appellants’ argument regarding an implied in fact contract. The final order does not address the argument and rests on a determination that an initial enforceable contract was created with a breach occurring in 2003. While this is true, the parties’ conduct following the material breach of the first contract may have created a new, *832 enforceable contract. As such, we reverse the order with directions that the trial court hold further proceedings considering appellants’ implied in fact contract argument.
REVERSED.
WOLF, PADOVANO, and THOMAS, JJ., concur.