LAWSON, J.
The Langley Limited Partnership, LLLP, (“Langley”), timely appeals a final judgment which ordered Langley to deed forty acres of property to the School Board of Lake County, Florida, (“School Board”), pursuant to a 2005 written agreement between the parties. Reviewing the issue de novo,[2] we agree with Langley that the School Board’s claims for breach of contract and specific performance are time-barred, and reverse the final judgment.
The genesis of the dispute in this case traces back to a separate lawsuit in which the School Board objected to the annexation of a parcel of property owned by Langley into the City of Mascotte. To settle that suit, the parties entered the 2005 agreement at issue in this suit, in which the School Board agreed to dismiss its legal challenge to the annexation in exchange for Langley’s promise to deed forty acres of land to the School Board. This agreement was executed on February 14, 2005. Relevant to this dispute, the 2005 agreement gave the parties time within which to agree on a forty-acre parcel meeting certain criteria set forth in the agreement, but ultimately provided that if the School Board and Langley [could not] agree to the location of a suitable school site by June 15, 2005:
Langley shall deed to the School Board forty (40) acres contained in the parcel identified in Exhibit “A” adjacent to S.R. 33 with a maximum of four hundred (400) foot frontage on S.R. 33 and in a *997 location, configuration, size and dimension that the School Board determines meets the requirements of the rules and regulations of the Florida Department of Education, Lake County, Florida and the School Board re: requirements and preferences for selection of school sites.
The parties were unable to agree on the terms of a deed. The School Board identified a parcel that it wanted conveyed, but Langley flatly rejected the proposal, responding:
[H]ow could you possibly think that we would allow you to “cherry pick” an irregularly shaped property like this and exclude all wetlands? You must square it off and take the good with the bad!
The parties were also never able to resolve a controversy regarding Langley’s desire that any deed contain a restriction requiring the School Board to use the acreage as a school site. The School Board refused to accept a deed restricting its use of the land to a school, and Langley refused to provide a deed that did not include the restriction.
On June 14, 2006, the School Board filed its first lawsuit against Langley alleging breach of the 2005 agreement and seeking specific performance. Using the June 15, 2005 date (by which the agreement required Langley to transfer acreage to the School Board) as the date of Langley’s breach, this suit was filed at the very end of the one-year statute of limitations set forth' in section 95.11(5)(a), Florida Statutes, for an action seeking specific performance of a contract.
As a matter of strategy, apparently, the sole theory that the School Board pled or pursued in the 2006 suit was that Langley breached its agreement by failing to convey the specific “irregularly shaped” parcel to which Langley objected. Accordingly, the only relief sought was an order compelling Langley to convey the “irregularly shaped” parcel to the School Board. The School Board did not seek to enforce the general provision that Langley transfer a compliant forty-acre parcel by June 15, 2005. Following a trial on the matter, the court entered a final judgment in Langley’s favor on July 15, 2009. The trial court found that Langley did not breach the agreement by refusing to convey the “irregularly shaped” parcel because that parcel did not meet the requirements of the contract. For example, the contract required Langley to convey a parcel with “a maximum of four hundred (400) foot frontage on S.R. 33,” whereas the “irregularly shaped” parcel included approximately 650 feet of frontage on S.R. 33. Tellingly, the final judgment itself indicated that relief may have been warranted if the School Board had pursued an alternative theory and remedy. The School Board did not appeal this final judgment.
Almost a year later, by letter to Langley dated October 22, 2010, the School Board demanded that Langley execute a proposed deed for a different forty-acre parcel which did comply with the terms of the agreement (except, according to Langley, the School Board’s proposed deed still did not contain any restriction on the School Board’s use of the property). Langley never tendered an executed deed, and the School Board filed a new lawsuit on November 2, 2010, again alleging breach of the contract and seeking specific performance. Langley answered the complaint, raising the statute of limitations as a bar.[3] The trial court ultimately ruled against Langley on this affirmative defense and entered judgment in favor of the School *998 Board, ordering Langley to convey a forty-acre parcel to the School Board in accordance with the 2005 agreement.
Both parties agree that a one-year limitations period applies to the School Board’s specific performance claim, section 95.11(5)(a), Florida Statutes, with a longer five-year limitations period applicable to the breach of contract claim generally. § 95.11(2)(b), Fla. Stat. Langley argues that the School Board’s cause of action accrued on June 15, 2005, the date by which the agreement required Langley to transfer acreage to the School Board. As such, Langley contends that the five-year statute of limitations expired before the School Board filed its second suit on November 2, 2010. In reaching its decision, the trial court did not disagree with Langley as to the accrual date for the School Board’s cause of action, but ruled that the 2006 suit tolled the statute of limitations, relying on DuPont v. Parker & Co. of Florida, 190 So.2d 388, 391 (Fla. 3d DCA 1966) (holding that a statute of limitations is tolled for a person “prevented from exercising his legal remedy by the pendency of other legal proceedings”).
On appeal, the School Board correctly concedes that the trial court’s reliance on DuPont was misplaced,[4] and that the 2006 litigation did not toll the statute of limitations for its 2010 claims. See § 95.051(2), Fla. Stat. (2011) (“A disability or other reason does not toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law.”); cf. Major League Baseball v. Morsani, 790 So.2d 1071, 1077 (Fla.2001) (“the plain language of the tolling statute limits its reach to conditions that actually ‘toll’ the statute of limitations”); Hearndon v. Graham, 767 So.2d 1179, 1185 (Fla.2000) (“the tolling statute specifically precludes application of any tolling provision not specifically provided therein”). However, the School Board argues that the statute of limitations did not begin to run in 2005 because its cause of action did not accrue until after October 22, 2010, when it finally provided Langley with the legal description for a forty-acre parcel of property that was consistent with the terms of the contract.
Although the School Board is correct in asserting the general proposition that a statute of limitations begins to run only “ ‘when a cause of action accrues[,]’” Hearndon, 767 So.2d at 1184 (quoting section 95.031, Florida Statutes), we disagree with its contention that its cause of action against Langley did not accrue until 2010. A cause of action accrues “ ‘when the last element constituting the cause of action occurs.’ ” Id. at 1185-86 (quoting § 95.031, Fla. Stat.). The contract in this case did not condition Langley’s performance on the School Board’s tender of an acceptable legal description or deed. Rather, the contract clearly and unambiguously required Langley to deed property, meeting certain outlined conditions, to the School Board by June 15, 2005. Langley breached the contract on June 15, 2005, when it failed to deed a compliant forty-acre parcel to the School Board. Langley’s breach was the last element required for the School Board to bring its breach of contract claim. See *999 Clark v. Estate of Elrod, 61 So.Sd 416, 418 (Fla. 2d DCA 2011) (“Florida case law consistently holds that a cause of action for breach of contract accrues and the limitations period commences at the time of the breach”) (quoting Technical Packaging, Inc. v. Hanchett, 992 So.2d 309, 313 (Fla. 2d DCA 2008)). Because the School Board did not file suit within the applicable limitations periods, its action against Langley is barred.
Accordingly, we reverse the judgment in favor of the School Board and remand with directions that the trial court either dismiss the School Board’s action or enter judgment in favor of Langley.
REVERSED AND REMANDED WITH DIRECTIONS.
JACOBUS and BERGER, JJ., concur.

. The parties agree that a legal issue surrounding a statute of limitations question is an issue of law subject to de novo review. See, e.g., Hamilton v. Tanner, 962 So.2d 997 (Fla. 2d DCA 2007).

. It appears to us that the "rule against splitting causes of action” should have applied as well, such that res judicata principles should have barred a second suit alleging a new breach of contract theory. See, e.g., Leahy v. Batmasian, 960 So.2d 14 (Fla. 4th DCA 2007). However, Langley never raised this defense below.-

. As concluded by the Second District, the rule in Dupont was superseded by the Legislature’s 1974 adoption of section 95.051, codifying the "specific instances that toll the running of any statute of limitations.” Swartzman v. Harlan, 535 So.2d 605, 607 (Fla. 2d DCA 1988), implied overruling on other grounds recognized by Panagakos v. Laufer, 779 So.2d 296 (Fla. 2d DCA 1999). Additionally, the 2006 litigation in no way prevented the School Board from pursuing the theory pled in the 2010 suit — as that theory could have been alleged as an alternative theory in the 2006 litigation.